J-S54013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DELORES ELLEN BRYANT | |
| Appellant | No. 592 MDA 2014 |

Appeal from the Judgment of Sentence May 8, 2012
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000300-2010

BEFORE: LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.              **FILED SEPTEMBER 26, 2014**

Delores Ellen Bryant appeals the judgment of sentence entered in the Court of Common Pleas of Lycoming County following a nonjury trial, after which Bryant was convicted of two counts of possession with intent to deliver ("PWID"),[1] possession of a controlled substance – cocaine,[2] possession of a controlled substance – marijuana,[3] and possession of drug paraphernalia.[4] Upon review, we affirm.

The trial court summarized the facts of this matter as follows:

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] *Id.*

[4] 35 P.S. § 780-113(a)(32).

On the afternoon of October 21, 2009, Tyson Havens, Pennsylvania State Trooper, observed a white Nissan Maxima in the area of the Penn Vale Housing Development in Williamsport, Lycoming County, Pennsylvania. Prior to October 21, 2009, Trooper Havens had spoken with Christy [Leinbach], manager of the Penn Vale Housing Development, regarding a suspicious white Nissan Maxima which she had observed frequenting the housing development. On the day in question, the driver of the Nissan parked and exited the vehicle. Trooper Havens proceeded to drive past the driver and greet him. A conversation ensued [during] which Trooper Havens became aware of the fact that the driver did not have a driver's license. At that point, Trooper Havens initiated a traffic stop. The individual identified himself as Izone Jackson and indicated that he was going to visit his girlfriend, Dolores Bryant, at her place of residence, 1814 Hazel Drive. Jackson further indicated that his girlfriend was not home and that he did not have a key to her residence, but a friend of his, Raymond Jones, was inside the residence. Trooper Havens gave Jackson a verbal warning and indicated that Jackson was free to leave.

Jackson proceeded to walk away heading in the direction of Bryant's residence. He then veered south away from the residence. Trooper Havens called out to Jackson, "Hey, weren't you going to 1814? You passed it." Jackson indicated that he was not going to 1814, [but] that he was going to pick up his son from daycare. Jackson then walked around the back of the building and out of sight.

Trooper Havens proceeded to 1814 Hazel Drive and knocked on the door. The door was opened approximately six inches and then slammed closed. Trooper Havens stayed at the door announcing himself and asking for someone to come outside or indicate that they were alright for approximately ten minutes. After his attempts proved unsuccessful, Trooper Havens contacted [Leinbach]. [Leinbach] arrived, and [. . .] requested Trooper Havens [enter] the residence due to the fact that she was concerned that someone inside was injured or that there was a burglary in progress.

Trooper Havens [entered the residence with Leinbach]. [. . . ] After the downstairs portion of the residence was cleared, the officers proceeded upstairs. Trooper Havens entered the master bedroom and observed in plain view a pair of black Timberland boots. Inside one of the boots was a plastic bag. The bag

contained nineteen (19) smaller ziplock bags, which contained crack cocaine. A second bag, also in the boot, contained four smaller ziplock bags that contained crack cocaine. By the window in the master bedroom, Trooper Havens observed a stack of approximately fifteen (15) shoe boxes. The top shoebox was open and contained money. It was later determined that it contained $130. The shoebox directly below the top shoebox had holes in the side of the box. Through the holes, a stack of money was evident. It was later determined that it was the sum of $700. The officers continued to clear the residence to make sure that there was no one else present. After the residence was secured, Trooper Havens left and proceeded to apply for a search warrant.

After the search warrant was obtained, the following evidence was recovered from [Bryant's] residence:

Kitchen

- In the kitchen drawer there was a plastic bag with marijuana dime bags and a grocery bag containing marijuana dime bags.
- In the kitchen cabinet there was a paper bag that contained a plastic bag containing marijuana and between 1,000-2,000 little plastic ziplock bags commonly used for distributing crack cocaine and marijuana.
- In the trash box there were four clear yellow bags containing crack cocaine.

Living Room

- One hundred and thirty-one dollars ($131) in a pair of white Adidas sneakers.
- A silver Page Plus cell phone.
- A blue Virgin Mobile cell phone.

Dining Room

- On the dining room table was a wallet that contained identification for Izone Jackson.

Master Bedroom

- Large Tupperware tote containing men's clothing and an Astra A-100 9mm handgun.

- Black wallet containing two forms of identification for Delores Bryant.

Additionally, the master bedroom showed signs of use. It contained a dresser; ironing board; and a photo of Bryant and Jackson. Bryant and her minor child, who was approximately five or six years of age at the time, were the only individuals listed on the lease. During an interview with Trooper Havens, Bryant stated that the items found in the residence belonged to her boyfriend, Earnest Jackson.

Trial Court Opinion, 5/28/14, at 1-5.

On May 8, 2012, the trial court sentenced Bryant to an aggregate term of four to eight years' imprisonment. Bryant filed a post-sentence motion on May 25, 2012, which the court denied on August 2, 2012. Bryant filed the instant appeal on April 3, 2014, following reinstatement of her appellate rights *nunc pro tunc*.

On appeal, Bryant presents the following issues for review:

1. The trial court erred by denying Bryant's motion to suppress when the police entered her residence allegedly with the permission of the housing authority manager and then continued to search Bryant's residence without a warrant under the guise of a protective sweep.

2. The evidence presented at trial was insufficient to prove Bryant constructively possessed the controlled substance found in her residence when she was not present at the time police entered and searched.

Brief of Appellant, at 5.

Bryant first argues that the trial court erred when it denied her motion to suppress because the Lycoming Housing Authority manager, Leinbach, lacked the proper legal authority to consent to the police entering her apartment. At the outset, we observe:

An appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [Because] the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

The suppression court has sole authority to assess the credibility of the witnesses and is entitled to believe all, part or none of the evidence presented. Warrantless searches and seizures are considered to be unreasonable and therefore, prohibited, except for a few established exceptions pursuant to both the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. Both the federal and Pennsylvania constitutions permit third party consent to a search. When police officers obtain the voluntary consent of a third party who has the authority to give consent, they are not required to obtain a search warrant based upon probable cause. The third-party consent to search is an exception to the exclusionary rule.

*Commonwealth v. Reese*, 31 A.3s 708, 721-22 (Pa. Super. 2010) (citations omitted).

Here, Leinbach had the legal authority to give consent. When Bryant signed the lease for her apartment, she was also required to sign a written Authorization Disclosure as part of her lease obligation with Penn Vale Housing Development. This document, also signed by a representative of the Lycoming County Housing Authority, granted the Authority permission to enter Bryant's apartment in situations where there is reasonable cause to believe an emergency exists or at the request of law enforcement officials. N.T. Pretrial Motion Hearing, 6/2/10, at 6-9.

- 5 -

At trial, Leinbach, Trooper Havens, and Corporal Mike Simpler[5] all testified that, given the circumstances, there was reasonable cause to believe an emergency existed. Trooper Havens also noted that Leinbach gave specific consent to enter the residence and that he opened the door with her. Because the trial court's finding that the third party consent exception to the warrant requirement existed is supported by the record, we conclude that the trial court properly denied Bryant's motion to suppress.

In her second issue, Bryant argues that the evidence presented by the Commonwealth was insufficient to prove, beyond a reasonable doubt, that Bryant was guilty of constructively possessing the controlled substances found in her apartment.

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Duncan***, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Id.*** (quoting ***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa. Super. 2005). However, the Commonwealth need not

---

[5] Corporal Simpler accompanied Trooper Havens to Bryant's apartment on the date in question as back up.

establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id.* Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id.* Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

> Possession of a controlled substance is defined as follows:
>
> Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16).

Where the contraband a person is charged with possessing is not found on the person of the defendant, the Commonwealth is required to prove constructive possession. *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003). Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004). Our courts have held that constructive possession requires proof of the ability to exercise conscious dominion over the substance, the power to control the contraband and the intent to exercise such control.

*Commonwealth v. Johnson*, 920 A.2d 873, 882 (Pa. Super. 2007) (citing *Commonwealth v. Valette*, 613 A.2d 548, 550 (Pa. 1992)).

We are mindful that constructive possession can be proven by circumstantial evidence and the "requisite knowledge and intent may be inferred from examination of the totality of the circumstances." *Commonwealth v. Clark*, 746 A.2d 1128, 1136 (Pa. Super. 2000) (quoting *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996)). Moreover, we have held that circumstantial evidence is reviewed by the same standard as direct evidence--that is, a decision by the trial court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Johnson*, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted).

The trial court addressed Bryant's sufficiency of the evidence claims as follows:

> When analyzing the evidence and the totality of the circumstances it is evident that the Commonwealth met its burden beyond a reasonable doubt that [Bryant] constructively possessed the drugs and drug paraphernalia. All of the evidence retrieved was from common areas in the home and the master bedroom. In [Bryant's] bedroom in plain view there was crack cocaine and shoeboxes containing money. Inside the kitchen drawer, right on top was a plastic bag containing marijuana dime bags and a grocery bag containing marijuana dime bags. In the kitchen cabinet there was a paper bag containing marijuana and little drug packaging bags. These are all areas that as the lease holder, [Bryant] would have access to and would be under her control. These items were not hidden, the contraband in the kitchen drawer [was] on top mixed in with the other items; the contraband in the kitchen cabinet was in the top left of the cabinet; and the contraband in the bedroom was in plain view.

Trial Court Opinion, 5/28/14, at 9-10 (citations omitted).

Our review of the record leads us to agree with the conclusion reached by the trial court. Under the totality of the circumstances, the circumstantial evidence presented by the Commonwealth was sufficient to establish, beyond a reasonable doubt, that Bryant had the ability to exercise conscious dominion over the illegal substances found in her apartment. **See Johnson**, 920 A.2d at 882. Accordingly, Bryant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014