J-S30031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TEKEESHA L. LOVELACE | |
| Appellant | No. 3240 EDA 2014 |

Appeal from the Judgment of Sentence July 18, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000458-2014
CP-15-CR-0001478-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                         **FILED JULY 14, 2015**

Appellant Tekeesha Lovelace appeals from the judgment of sentence entered in the Chester County Court of Common Pleas following her jury trial conviction for possession of a controlled substance.[1]  We affirm.

The trial court sets forth the relevant facts of this appeal as follows:

> On November 29, 2013 at approximately 2:45 p.m., Officer Marquette and Officer Corcoran of the Coatesville City

_____

[1] 35 P.S. § 780-113(a)(16).  In addition to possession of a controlled substance, Appellant was convicted of driving under the influence of a controlled substance ("DUI") (75 Pa.C.S. § 3802(d)(2)), endangering welfare of children (18 Pa.C.S. § 4304(a)(1)), possession of drug paraphernalia (35 P.S. § 780-113(a)(32)), and recklessly endangering another person (18 Pa.C.S. § 2705).  Appellant challenges only her possession of a controlled substance conviction in the instant appeal.

Police Department were on duty in full uniform in a marked patrol vehicle. They were travelling in the area of South 6th Avenue and Olive Street in Coatesville, Chester County, Pennsylvania, when they observed a dark colored SUV with dark tinting on the front driver's side and front passenger's side windows. Due to the level of tinting, neither Officer was able to see into the vehicle through the front passenger's side window. The SUV began to move, and Officer Marquette was able to see the driver through the vehicle's front windshield, which was not tinted. He immediately recognized the driver as [Appellant]. Based upon prior contacts with [Appellant], Officer Marquette believed her driving privileges were suspended. He radioed into dispatch, and Corporal Ingemie of the Coatesville City Police Department confirmed that [Appellant's] license was, in fact, suspended. Based upon this information, Officer Marquette initiated a traffic stop.

Officer Marquette approached [Appellant] and requested her license, registration and insurance information. [Appellant] told him that she had no license to provide. While speaking with [Appellant], Officer Marquette noticed a chemical smell emanating from the vehicle. He also observed that [Appellant] was swaying, her eyes were wandering, and she could not formulate complete sentences. He also observed three small children, ages eight (8), four (4) and one (1) years old, in the back seat of the vehicle, some of whom were not properly restrained.

Corporal Ingemie and Officer Galletta of the Coatesville City Police Department arrived on the scene while the traffic stop was taking place. Officer Galletta then conducted field sobriety tests (hereinafter "FSTs") on [Appellant]. At one point, he had to support [Appellant] to keep her from falling. At first, [Appellant] was fairly lethargic, but she became more aggressive and combative while the FSTs were being administered.

Based on the foregoing, [Appellant] was charged with [DUI], [d]riving while [o]perating [p]rivilege is [s]uspended or [r]evoked, [r]ecklessly [e]ndangering [a]nother [p]erson, [e]ndangering [w]elfare of [c]hildren, and related offenses. She was placed under arrest and asked to submit to a blood test, but she refused.

During the stop, a "dipper" was found in plain view in the center console of the vehicle by Corporal Ingemie. A "dipper" is

a cigarette that is dipped into a chemical such as PCP and then smoked. The "dipper" was bagged and sent to the lab for analysis. It tested positive for PCP. After the police received the lab report confirming the presence of PCP, [Appellant] was also charged with Possession of a Controlled Substance.

Trial Court Opinion, filed July 1, 2014, at 1-3.

After a three-day trial, a jury found Appellant guilty of DUI, endangering welfare of children, possession of a controlled substance, possession of drug paraphernalia, and recklessly endangering another person. The trial court sentenced her to an aggregate of 8 to 23 months' incarceration followed by 3 years' probation. Appellant filed a post-sentence motion seeking dismissal of all charges, reversal of all convictions, and/or a new trial, which the court denied on October 20, 2014. Appellant timely filed her notice of appeal on November 17, 2014. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> [1.] The trial [court] erred when it failed to reverse the verdict of guilty of the [p]ossession of a [c]ontrolled [s]ubstance when the court in reviewing the sufficiency of the evidence found that there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.

> [2.] The Appellant is entitled to a new trial as facts presented at trial indicated that the Appellant was not guilty were so clearly of greater weight that to have ignored them or to give them equal weight with all the facts was to deny Appellant justice. **Commonwealth v. Cesar**, 911 A.2d 978 (Pa.Super.2006).

Appellant's Brief, p. 4.

Appellant first claims that the Commonwealth adduced insufficient evidence to support her conviction for possession of a controlled substance. *See* Appellant's Brief, pp. 12-19. Specifically, Appellant argues that the Commonwealth failed to prove Appellant actually or constructively possessed the PCP-laced cigarette found in her vehicle. *See id.* Her argument relies solely on the fact that, at the time police pulled her over, there was an individual in the passenger's seat of her vehicle whom the police later released. *Id.* Appellant contends that, because this passenger had equal access to the PCP-laced cigarette, the Commonwealth failed to prove that she herself possessed the PCP-laced cigarette. *Id.* This claim lacks merit.

When examining a challenge to the sufficiency of evidence, this Court's standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

- 4 -

*Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa.Super.2014).

> The offense of possession of a controlled substance makes illegal:
>
> Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under [The Controlled Substance, Drug, Device and Cosmetic Act], or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by [The Controlled Substance, Drug, Device and Cosmetic Act].

35 P.S. § 780-113(a)(16).

Possession of a controlled substance may be either actual or constructive. *Commonwealth v. Aviles*, 615 A.2d 398, 401 (Pa.Super.1992). Where police do not find drugs on a defendant's person, the Commonwealth can only properly convict by proving constructive possession. *Id.*

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa.Super.2004). "As with any other element of a crime, constructive possession may be proven by circumstantial evidence." *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa.Super.1996). "The intent to exercise conscious dominion can be inferred

from the totality of the circumstances." ***Commonwealth v. Kirkland***, 831 A.2d 607, 610 (Pa.Super.2003). Further, "[c]onstructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." ***Commonwealth v. Valette***, 613 A.2d 548, 550 (Pa.1992); ***see also Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa.Super.1996) (multiple people may constructively possess the same item).

> The trial court summarized the trial evidence thusly:
>
> The record reflects that [Appellant] was the owner and driver of the vehicle in which the PCP[-]laced cigarette was found. When police approached [Appellant's] vehicle for a window tinting violation, they noticed that [Appellant's] eyes were bloodshot and moving erratically from side to side, her head was swaying and she had a hard time formulating sentences. She had a hard time keeping her balance and she used her arm to steady herself when she walked around the vehicle. The officer saw a discolored cigarette filter in plain view in the center console[2] and could detect the smell of PCP (a distinctive sweet chemical smell) emanating from the car. While the front seat passenger of the vehicle was identified, she did not stagger, slur her words, or show any other sign of being intoxicated or impaired. Even though [Appellant] attempted to claim that the PCP[-]laced cigarette belonged to the passenger in her car, the jury did not believe her.

Trial Court Pa.R.A.P. 1925(a) Opinion ("1925(a) Opinion)", filed February 3, 2015, p. 4. This evidence established the elements of possession of a

_____

[2] We note that the center console where police saw the "dipper" constitutes an area of joint control and equal access to both Appellant and her passenger.

controlled substance beyond a reasonable doubt. The fact that police did not charge the passenger with possession of a controlled substance does not render Appellant innocent of the crime. Accordingly, Appellant's sufficiency of the evidence claim fails.

Appellant next claims that the verdict was against the weight of the evidence. *See* Appellant's Brief, p. 20-26. Appellant bases this claim on minor inconsistencies in the police officers' testimony and an alleged custody chain failure regarding the PCP-laced cigarette. *See id.* She is again incorrect.

The denial of a new trial based on a lower court's determination that the verdict was not against the weight of the evidence is one of the least assailable reasons for granting or denying a new trial. *See Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa.2013). This Court reviews weight of the evidence claims pursuant to the following standard:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of

greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice,[3] "such that right must be given another opportunity to prevail." ***Commonwealth v. Goodwine***, 692 A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. ***Widmer***, 744 A.2d at 753. When reviewing the trial court's determination, this Court gives the gravest deference to the findings of the court below. We review the court's actions for an abuse of discretion. ***Id.***

_____

[3] This Court has explained the notion of "shocking to one's sense of justice" as follows:

> When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa.Super.2004) (internal citations and quotations omitted).

Simply stated, the jury's verdict in this matter illustrates that the jury found the testimony of the Commonwealth's witnesses credible, and Appellant's testimony incredible. This evidence, as discussed **supra**, proved every element of the crime of possession of a controlled substance. The trial court agreed with the jury's assessment in denying Appellant's post-sentence motion for a new trial based on the weight of the evidence. As the trial court noted, nothing about the verdict or the trial court's reasoning shocks the conscience. **See** 1925(a) Opinion, p. 5. Thus, Appellant's weight of the evidence claim warrants no relief.

For the preceding reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015