J-S57021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRANCE LAMONT SLOAN, | |
| Appellant | No. 1845 WDA 2015 |

Appeal from the Judgment of Sentence June 18, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000423-2014

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 15, 2016**

Appellant, Terrance Lamont Sloan, appeals from the judgment of sentence entered following his conviction of possession of a controlled substance. We affirm.

We summarize the underlying facts of this case as follows. On the evening of January 5, 2014, Appellant was in a Honda Pilot that was involved in a two-vehicle accident in Butler, Pennsylvania. Colleen Biondo ("Ms. Biondo"), the mother of one of the other passengers, Dakota Biondo ("Mr. Biondo"), was alerted of the accident and walked to the accident scene from her home that was a short distance away. During the police investigation at the scene, Butler City Police Lieutenant David Adam observed Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

standing near Ms. Biondo and attempting to pass something to her. Ms. Biondo reacted by dropping the item on the ground, throwing her hands up in the air, and saying, "[I]t's not mine." The lieutenant discovered a bag containing 103.43 grams of marijuana between Appellant and Ms. Biondo. The police also discovered heroin and a marijuana grinder in the center console of the SUV. Appellant was arrested and charged with two counts of possession of a controlled substance and one count of possession of drug paraphernalia. On February 11, 2015, a jury convicted Appellant of the single count of possession of marijuana. On June 18, 2015, the trial court sentenced Appellant to a term of incarceration of six to twelve months, with credit for time served of 333 days. Appellant filed timely post-sentence motions, which the trial court denied in part and granted in part.[1] This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Whether the weight and sufficiency of the evidence presented by the Commonwealth is enough to sustain the guilty verdict and sentence rendered for the offense of Intentionally Possessing a Controlled Substance by a person not registered in violation of 35 Pa. Stat. Ann. § 780-113(a)(16).

Appellant's Brief at xi.

_____

[1] The trial court granted Appellant's motion to modify sentence.

Appellant purports to argue that the verdict was against the weight of the evidence and that there was insufficient evidence to support the verdict. Appellant's Brief at xi. However, these two claims are distinct. *See Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000) (discussing the distinction between a claim challenging the sufficiency of the evidence and a claim that the verdict is against the weight of the evidence). Nevertheless, we conclude that Appellant has abandoned any issue concerning the weight of the evidence because he has failed to present any discussion in the argument section of his appellate brief alleging that the verdict was against the weight of the evidence. Appellant's Brief at 1-8. Accordingly, we will not address that issue. Rather, we will focus our review to Appellant's challenge on the sufficiency of the evidence.

Regarding sufficiency-of-the-evidence issues, an appellant must specify the elements upon which the evidence was insufficient in order to preserve the issue for appeal. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257–1258 (Pa. Super. 2008) (finding waiver where the appellant failed to specify the elements of a particular crime allegedly not proven by the Commonwealth). *See also Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (finding claim waived under *Williams* for failure to specify either in Pa.R.A.P. 1925(b) statement or in argument portion of appellate brief which elements of crimes were not proven beyond a reasonable doubt).

Appellant's Pa.R.A.P. 1925(b) statement presents the following pertinent issue, which fails to specify the elements of the crimes allegedly not proven by the Commonwealth:

> 1. Whether the weight and sufficiency of the evidence presented by the Commonwealth is enough to sustain the guilty verdict rendered for the offense of Intentionally Possessing a Controlled Substance by a Person Not Registered?

Pa.R.A.P. 1925(b) Statement (Record Entry 100), 12/14/15, at 1.

In addressing Appellant's intermingled claims, the trial court found the issues to be deemed waived for failing to be sufficiently specific. As such, Appellant's non-specific claim challenging the sufficiency of the evidence is waived. As the trial court explained:

> Pa.R.A.P. Rule 1925(b)(4)(ii) provides, in part, that the appellant's [Pa.R.A.P. 1925(b)] Statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Both of the issues raised by [Appellant] on appeal should be deemed waived as both fail to be sufficiently specific to allow the trial court to draft the opinion required under 1925(a).
>
> Turning to the first issue raised on appeal, [Appellant] was convicted at jury trial on February 11, 2015 of one count of Possession of a controlled substance, 35 Pa.C.S.A. § 780-113(a)(16). He questions whether the weight and sufficiency of the evidence presented by the prosecution was enough to sustain the guilty verdict. For the reasons stated below, this Court finds that the claim is without merit.
>
> In **Commonwealth v. Manley**, 985 A.2d 256, 262 (Pa. Super. 2009), the appellate court ruled that [the] appellant's challenge of the sufficiency of the evidence to sustain the verdict was waived. The court explained: "In **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008), this Court stated, 'if Appellant wants to preserve a claim that the evidence

- 4 -

was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal.'"

In **Manley**, the "1925(b) statement language does not specify how the evidence failed to establish which element or elements of the offenses for which Appellant was convicted." The same holds true in the instant appeal. [Appellant] has failed to specify which elements of the offense the Commonwealth has failed to prove.

Trial Court Opinion, 2/9/16, at 1-2. We are constrained to agree with the trial court that Appellant's non-specific claim challenging the sufficiency of the evidence, which fails to specify the particular elements of the crime allegedly not proven by the Commonwealth, is waived. **Williams**. However, even if we were to address the merits of this undeveloped claim challenging the sufficiency of the evidence, we would conclude that it lacks merit.

Appellant argues that there was insufficient evidence to support his conviction of possession of marijuana. Appellant's Brief at 1-8. Essentially, Appellant contends that there is no evidence that he was ever in actual possession of the bag of marijuana. In addressing this issue, we will consider whether there was sufficient evidence to prove Appellant's constructive possession of the contraband.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable

inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting *Commonwealth v. Emler*, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

Regarding the crime of simple possession of narcotics, 35 P.S. § 780-113(a)(16) prohibits "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act." Where the contraband a person is charged with possessing is not found on the person of the defendant, the Commonwealth is required to prove constructive possession. *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003). Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004).

We are mindful that constructive possession can be proven by circumstantial evidence, and the "requisite knowledge and intent may be inferred from examination of the totality of the circumstances." *Commonwealth v. Clark*, 746 A.2d 1128, 1136 (Pa. Super. 2000) (quoting *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996)). Moreover, we have held that circumstantial evidence is reviewed by the same standard as direct evidence "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Johnson*, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted).

Our review of the certified record reflects that Ms. Biondo testified that on the night in question, she went to the scene of the vehicle accident on foot, from her home about one block away. N.T., 2/11/15, at 119. While at the scene when the police were conducting their investigation, Ms. Biondo was standing near Appellant and he attempted to put a bag of marijuana in her hand, and Appellant said "[T]ake this." *Id*. at 121. Ms. Biondo stated that she realized the item was a large bag of marijuana. *Id*.

In addition, Lieutenant Adam testified that, while at the scene of the accident, he observed Appellant standing near Ms. Biondo. N.T., 2/11/15, at 48. Lieutenant Adam stated that he observed Ms. Biondo throw her hands up into the air and say, [I]t isn't mine." *Id*. At the time, the lieutenant saw the bag fall to the ground, and he walked over to it and stepped on it. *Id*.

Viewing this evidence in the light most favorable to the Commonwealth, it is obvious that Appellant had the apparent ability and intent to exercise control over the bag, thereby establishing constructive possession of the contraband.[2]  Accordingly, even if Appellant's issue that the evidence was insufficient to support his conviction was not waived, we would conclude that it lacks merit.

Judgment of sentence affirmed.


Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2016

_____

[2] With regard to Mr. Biondo's testimony at trial that the bag of marijuana was his, N.T., 2/11/15, at 187-188, we note that Lieutenant Adam testified that "[Mr. Biondo] was nowhere near the scene where the action transpired, when the bag was dropped, the hands went up, and [Ms. Biondo] screamed it wasn't her[']s."  Id. at 50.