J-S73034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LARRY TREMEL-DEVON ALEXANDER | |
| Appellant | No. 442 WDA 2016 |

Appeal from the Judgment of Sentence January 26, 2015
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001065-2014

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                   **FILED OCTOBER 18, 2016**

Larry Tremel-Devon Alexander appeals from the judgment of sentence entered in the Erie County Court of Common Pleas following his bench trial convictions for possession of a firearm prohibited[1] and possession of a controlled substance.[2]  After careful review, we affirm.

The trial court set forth the facts and procedural history underlying this matter as follows:

> On April 5, 2014, between 8:00 and 9:00 p.m., police were dispatched to the area of East 7th and Cedar Streets, City of Erie. As police approached, they observed Appellant, who matched the description of the suspect provided by dispatch, walk up onto a porch at 424 East 8th Street.  The porch was unlit, and no

---

[1] 18 Pa.C.S. § 5104.

[2] 35 P.S. § 780-113(a)(16).  Appellant does not challenge his judgment of sentence regarding his possession of a controlled substance conviction.

other individuals were observed on the porch or in the vicinity. Appellant sat behind a pillar for approximately fifteen seconds, and police observed him manipulating something behind it. Appellant then left the porch and fled as police exited their patrol vehicle and asked to see his hands. Appellant was apprehended and arrested a few seconds later. Police recovered pills from Appellant's pocket. A minute later, police went back to the porch at 424 East 8th Street and recovered a firearm behind the pillar where Appellant was sitting.

On November 19, 2014 following a nonjury trial before the Honorable Ernest J. DiSantis, Jr., Appellant was found guilty of the foregoing offenses. On January 26, 2015, Appellant appeared before Judge DiSantis and was sentenced to a term of 36 to 72 months' incarceration at Count 1 (possession of a firearm), and a concurrent term of 3 to 12 months' incarceration at Count 4 (possession).

On January 21, 2016, following the filing of Appellant's PCRA petition, this [c]ourt granted Appellant's request for collateral relief, and reinstated his rights to file a post-sentence motion and direct appeal. On February 16, 2016, Appellant filed a timely [m]otion for [n]ew [t]rial and/or [a]rrest of [j]udgment [n]unc [p]ro [t]unc, which this [c]ourt denied on February 23, 2016.

On March 24, 2016, Appellant filed a timely [n]otice of [a]ppeal [n]unc [p]ro [t]unc. In response to this [c]ourt's [Pa.R.A.P.] 1925(b) [o]rder, Appellant filed a [s]tatement of [m]atters [c]omplained of on [a]ppeal on April 15, 2016.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed May 5, 2016 ("1925(a)

Opinion"), pp. 1-2 (internal record citations omitted).

Appellant raises the following issues for our review:

A. Whether the evidence was sufficient to convict appellant of the firearm violation?

B. Whether Appellant's conviction of the firearm violation was against the weight[] of the evidence?

Appellant's Brief, p. 2 (all capitals omitted).

First, Appellant claims the evidence was insufficient to support his conviction. **See** Appellant's Brief, pp. 4-5. Specifically, Appellant argues that the Commonwealth failed to prove Appellant actually or constructively possessed the firearm recovered from the porch where police observed him. **Id.** He is incorrect.

When examining a challenge to the sufficiency of evidence, this Court's standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Smith**, 97 A.3d 782, 790 (Pa.Super.2014).

The Crimes Code provides, in pertinent part, as follows:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a) Offense defined.--**

> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105.

As this Court has explained:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa.Super.2004). "As with any other element of a crime, constructive possession may be proven by circumstantial evidence." *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa.Super.1996). "The intent to exercise conscious dominion can be inferred from the totality of the circumstances." *Commonwealth v. Kirkland*, 831 A.2d 607, 610 (Pa.Super.2003). Further, "[c]onstructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." *Commonwealth v. Valette*, 613 A.2d 548, 550 (Pa.1992); *see also Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa.Super.1996) (multiple people may constructively possess the same item).

Here, the trial court explained its rejection of Appellant's sufficiency of the evidence claim as follows:

> Based on the totality of the circumstances, the circumstantial evidence adduced at trial established that Appellant constructively possessed the firearm with the intent to exercise control of it.[2] The firearm was recovered behind a pillar on a front porch and in the exact area where Appellant was observed. No other individuals were on the porch or in the surrounding area. Police observed Appellant manipulating something as he sat behind the pillar. This evidence was more than sufficient to find Appellant guilty of § 6105.
>
> [2] – The parties stipulated at trial that [Appellant] was a person prohibited from possessing a firearm in Pennsylvania.

1925(a) Opinion, p. 4 (record citation omitted).

Viewed in the light most favorable to the Commonwealth as verdict winner, the trial court properly concluded that the evidence was sufficient to convict Appellant of possession of a firearm prohibited. Accordingly, Appellant's sufficiency of the evidence claim fails.

Next, Appellant alleges the trial court erred by denying his post-sentence motion for a new trial based on the allegation that the guilty verdict was against the weight of the evidence. *See* Appellant's Brief, p. 5. This claim lacks merit.

The denial of a new trial based on a lower court's determination that the verdict was against the weight of the evidence is one of the least assailable reasons for granting or denying a new trial. ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa.2013). This Court reviews weight of the evidence claims pursuant to the following standard:

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice,[3] "such that right must be given another opportunity to prevail." *Commonwealth v. Goodwine*, 692

---

[3] This Court has explained the notion of "shocking to one's sense of justice" as follows:

When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

*Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa.Super.2004) (internal citations and quotations omitted).

A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. *Widmer*, 744 A.2d at 753. When reviewing the trial court's determination, this Court gives the gravest deference to the findings of the court below. We review the court's actions for an abuse of discretion. *Id.*

Simply stated, the verdict in this matter illustrates that the trial court found the police testimony credible and Appellant's testimony not so. As the trial court aptly explained:

> Judge DiSantis, as finder of fact, was free to believe the testimony of the police officers and discount Appellant's version of events as not credible. The circumstantial evidence demonstrated that Appellant constructively possessed the firearm and therefore, the verdict clearly does not shock one's sense of justice.

1925(a) Opinion, p. 5.

Our review of the trial transcript reveals the trial court did not abuse its discretion in denying a new trial based on the weight of the evidence. Accordingly, Appellant's weight of the evidence claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2016