677 A.2d 328

COMMONWEALTH of Pennsylvania

v.

**Anthony HASKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 11, 1995.

Filed April 18, 1996.

Reargument Denied June 28, 1996.

542

Barbara A. Zemlock, Harrisburg, for appellant.

E. Christopher Abruzzo, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

DEL SOLE, Judge:

Appellant Anthony Haskins was convicted by a jury of possession of cocaine with intent to deliver, possession of drug paraphernalia, and possession of a small amount of marijuana. He was sentenced to four to ten years imprisonment and a fine of $10,000.00. This direct appeal followed. We vacate the judgment of sentence and remand for a new trial.

On appeal, Appellant raises the following issues.

(1) The trial court should have suppressed the evidence found in the car during a warrantless search.

(2) The trial court should have suppressed evidence found in a jacket in the car during a warrantless search.

(3) The trial court should have suppressed the evidence because it was the fruit of an illegal detention.

(4) The trial court should have granted a mistrial because the court told the jury about the anonymous tip the police received even though this information was not admitted into evidence.

(5) The evidence was insufficient to establish that Appellant possessed the cocaine and paraphernalia.

(6) The court abused its discretion by sentencing Appellant outside the guidelines.

Because of our disposition, we need to reach only issues one, two and five.

Between 7:00 and 7:30 in the evening on September 14, 1994, Corporal Craig LeCadre of the Community Attack on Narcotics (C.A.N.) unit of the Harrisburg police received information that an anonymous citizen had called the dispatch center to report that there was a drug dealer in the 1700 block of North 5th Street wearing a black, gray and red shirt. This person also indicated that the individual was driving a gray Volkswagen Rabbit with the license plate ANK–6080. Ten or fifteen minutes later, the same person called again. This time Corporal LeCadre spoke directly to the person and was given the same information as had been given during the first call. Around ten minutes later, two unmarked C.A.N. Unit cars arrived in the area. They drove around the area but did not find either the alleged drug dealer or the car. Eventually, one of the officers saw Appellant's car, which had the same license plate number as the caller had given. Both police cars followed Appellant to the intersection of Third and Maclay Streets where Appellant stopped at a red light. Two officers left their car and approached Appellant's car and stated that they wanted to talk to him. Appellant then proceeded through the red light and the police followed. After a brief pursuit, Appellant got out of the moving car and fled. The car ran into a parked car. A passenger was in Appellant's car. Two officers chased Appellant on foot. The other two officers stayed with the car. During the foot chase, Appellant threw away a plastic sandwich bag containing marijuana. Once Appellant was caught, one officer retrieved the bag and radioed the other officers that Appellant was apprehended and that Appellant had thrown away the bag of marijuana. The officers who were still at Appellant's car searched it. In the glove compartment, the officers found money. In the rear hatch area, the officers found $200 in cash in a sock, razor blades and ziplock bags. In the pocket of a jacket which was in the middle of the two front seats, the officers found fifty ziplock bags of cocaine.

■ We must first determine whether the evidence was sufficient to establish that Appellant possessed the cocaine and the paraphernalia because if the evidence is not sufficient we would have to reverse the conviction and would not need to reach any other issues. In reviewing a challenge to the sufficiency of the evidence, we view all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. *Commonwealth v. Jackson,* 506 Pa. 469, 485 A.2d 1102 (1984).

■ When contraband is not found on the defendant's person, the Commonwealth must establish "constructive possession," that is, the power to control the contraband and the intent to exercise that control. *Commonwealth v. Valette,* 531 Pa. 384, 613 A.2d 548 (1992). The fact that another person may also have control and access does not eliminate the defendant's constructive possession; two actors may have joint control and equal access and thus both may constructively possess the contraband. *Commonwealth v. Mudrick,* 510 Pa. 305, 507 A.2d 1212 (1986). As with any other element of a crime, constructive possession may be proven by circumstantial evidence. *Commonwealth v. Macolino,* 503 Pa. 201, 469 A.2d 132 (1983). The requisite knowledge and intent may be inferred from examination of the totality of the circumstances. *Commonwealth v. Thompson,* 286 Pa.Super. 31, 428 A.2d 223 (1981). The fact that the contraband is located in an area usually accessible only to the defendant may lead to an inference that he placed it there or knew of its presence. *Id.*

■ The money found in the glove compartment and the money and paraphernalia found in the hatch area were located in areas usually accessible only to the operator of a vehicle. Thus, we have no difficulty in concluding that the evidence was more than sufficient to establish possession of these items.

■ There is also sufficient circumstantial evidence to establish Appellant's possession of the cocaine found in the jacket. The jacket was located between the two front seats. Appellant was not wearing a jacket; his passenger was wearing a jacket. The jacket matched the hat which Appellant was

wearing. These facts coupled with the possession of the money and paraphernalia supply ample evidence to establish that Appellant possessed the cocaine. Accordingly, we cannot agree that judgment should be arrested.

We do, however, agree with Appellant that the suppression order must be reversed as to the evidence found in the car. That evidence should have been suppressed because no exigent circumstances existed to excuse the lack of a search warrant.

■ The trial court herein excused the lack of a warrant because of "the automobile exception to the warrant requirement ..." Opinion at p. 3. There is no *per se* automobile exception to the warrant requirement. In order to search an automobile without a warrant, the police must still show the existence of both probable cause and exigent circumstances. *Commonwealth v. White*, 543 Pa. 45, 669 A.2d 896 (1993), filed In *White*, our Supreme Court reiterated that the Pennsylvania Constitution requires such a showing. The Court further held that a warrantless search of an automobile is not permissible as a search incident to arrest when the arrestee does not have access to the vehicle.

■ Herein the police have not established exigent circumstances such as would excuse them from obtaining a warrant to search the automobile nor is the search permissible as a search incident to arrest. When the search took place, Appellant had fled the vehicle and was being apprehended a distance away. His passenger was also outside of the car and being detained by the police. Neither Appellant nor his passenger had access to the vehicle. The police have not shown any reason why they could not have obtained a warrant before searching the car since Appellant was already in custody and there was no danger that any contraband within the car could be removed by him. Accordingly, any evidence found inside the car should have been suppressed.

Suppression order reversed and evidence seized from automobile suppressed; judgment of sentence vacated; case remanded for new trial. Jurisdiction relinquished.