J-S43004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MILTON ACEVEDO | |
| Appellant | No. 1437 EDA 2013 |

Appeal from the Judgment of Sentence April 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008547-2011

BEFORE: GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 07, 2014**

Appellant, Milton Acevedo, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for possession of a controlled substance and possession of a controlled substance with intent to deliver ("PWID").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On June 1, 2011, Officers Rosa and Czapor were on patrol when they observed Appellant sitting on a bicycle on the 100 block of West Somerset Street. Two men approached Appellant, engaged him in a brief

_____

[1] 35 P.S. § 780-113(a)(16), (30).

_____

*Former Justice specially assigned to the Superior Court.

conversation, and handed U.S. currency to Appellant. In exchange, Appellant handed small objects to the men. Back-up officers stopped the buyers and recovered identical packets of heroin from each individual. Officers Rosa and Czapor subsequently approached Appellant, who attempted to ride off on his bicycle. The officers caught up with Appellant and arrested him, but they did not recover additional contraband from his person.

On August 10, 2011, the Commonwealth filed a criminal information charging Appellant with PWID and possession of a controlled substance. Following a bench trial, the court found Appellant guilty of both charges. On April 12, 2013, the court sentenced Appellant to an aggregate term of two and one-half (2½) to five (5) years' imprisonment, followed by three (3) years' probation. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on May 10, 2013. On May 29, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant subsequently complied with the court's order.

Appellant raises one issue for our review:

> WAS THE EVIDENCE INSUFFICIENT TO SUPPORT A CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE?

(Appellant's Brief at 3).

When examining a challenge to the sufficiency of the evidence, our

standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting **Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

Appellant contends the officers could not have identified what objects he gave to the buyers. Although police recovered identical packets of heroin from the buyers, Appellant suggests this fact alone does not prove that he sold the heroin to them. Appellant emphasizes he did not possess any contraband at the time of his arrest, and the amount of U.S. currency recovered from his person was inconsistent with the amount typically carried by drug dealers. Appellant also claims he did not flee the scene; rather, he

merely rode his bicycle away from the officers, who did not identify themselves as police. Additionally, Appellant complains that the Commonwealth failed to produce property receipts to document the narcotics recovered from the buyers, as well as the date and time when the back-up officers recovered the contraband. Based upon the foregoing, Appellant concludes the Commonwealth presented insufficient evidence to support his convictions. We disagree.

The offenses of possession of a controlled substance and PWID are defined by statute as follows:

**§ 780-113. Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

\* \* \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

- 4 -

35 P.S. § 780-113(a)(16), (30).

To establish the offense of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it. *Jones, supra* at 121.

> The trier of fact may infer that the defendant intended to deliver a controlled substance from an examination of the facts and circumstances surrounding the case. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

*Id.* (quoting *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa.Super. 2003), *appeal denied*, 577 Pa. 712, 847 A.2d 1280 (2004)). "[A]ll of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be established by circumstantial evidence." *Commonwealth v. Little*, 879 A.2d 293, 297 (Pa.Super. 2005), *appeal denied*, 586 Pa. 724, 890 A.2d 1057 (2005).

Additionally, "When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…." *Jones, supra* at 121 (quoting *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa.Super. 1996), *appeal denied*, 547 Pa. 751, 692 A.2d 563 (1997)). "Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control." *Jones, supra* at 121 (quoting *Kirkland, supra* at 610). The intent to

exercise conscious dominion can be inferred from the totality of the circumstances. *Id.*

Instantly, Officer Rosa testified that he and his partner were on patrol, in plain-clothes, in an unmarked police vehicle, when they observed Appellant sitting on his bicycle at approximately 9:00 p.m. Two men approached Appellant, engaged him in a brief conversation, and handed over U.S. currency. Appellant carried a "bundle" in his left hand. He reached into the bundle, removed small objects from it, and handed the objects to the buyers. (*See* N.T. Trial, 9/14/12, at 12.) The buyers departed from the scene, and Officer Rosa radioed descriptions of both men to back-up officers. The back-up officers stopped the buyers and recovered identical packets of heroin from their persons. Specifically, each buyer possessed clear, heat-sealed packets of heroin, with blue inserts, that were stamped with the words "night life." (*Id.* at 13).

Meanwhile, Officers Rosa and Czapor circled the block, returned to the area where Appellant was located, and exited their vehicle. As the officers exited, Appellant attempted to flee on his bicycle. Appellant covered a distance of ten feet before the officers apprehended him. The officers did not recover any heroin from Appellant or in the immediate vicinity, but they did find $108.00 in U.S. currency on his person.

When viewed in the light most favorable to the Commonwealth as verdict winner, the evidence established Appellant's access and ability to

exercise conscious control or dominion over the contraband recovered from the buyers. *See Jones, supra*. Regarding Appellant's intent, factors such as his actions during the cash-for-object transactions, the amount of drugs, their packaging, the currency recovered from Appellant's person, and his flight from the officers supported the court's conclusion that Appellant possessed the drugs with intent to deliver. *Id. See also Commonwealth v. Bruce*, 717 A.2d 1033 (Pa.Super. 1998), *appeal denied*, 568 Pa. 643, 794 A.2d 359 (1999) (stating flight is evidence of consciousness of guilt, which may form basis, along with other proof, from which guilt may be inferred). Based upon the foregoing, sufficient evidence supported Appellant's convictions. *See* 35 P.S. § 780-113(a)(16), (30). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2014