J-S32012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEBRA ABRAM, | |
| Appellant | No. 1221 WDA 2014 |

Appeal from the Judgment of Sentence June 26, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003386-2013

BEFORE: SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 19, 2015**

Appellant, Debra Abram, appeals from the judgment of sentence entered following her conviction of drug-related offenses. We affirm.

Following a nonjury trial on April 14, 2014, Appellant was convicted of two counts of possession with intent to deliver a controlled substance("PWID");[1] one count of possession of a controlled substance;[2] and one count of conspiracy.[3] On June 26, 2014, Appellant was sentenced to a period of two years of probation at count 1 (PWID) with no further penalty at

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 18 Pa.C.S. § 903(a)(1).

the remaining counts. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Was the evidence insufficient as a matter of law to support the convictions for delivery, possession with intent to deliver, and possession of heroin, and criminal conspiracy, insofar as no evidence was presented to prove beyond a reasonable doubt that [Appellant] knew the substance in the container that she allegedly retrieved from her purse and gave to her husband was heroin, and that she agreed to and had the intent to possess and deliver a controlled substance?

Appellant's Brief at 4.

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id*. (quoting *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Duncan*, 932 A.2d at 231. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they

may not be disturbed. *Id*. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

In order to uphold a conviction for PWID pursuant to 35 P.S. § 780-113(a)(30), the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. *Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) (*en banc*). The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. *Commonwealth v. Conaway*, 791 A.2d 359, 362-363 (Pa. Super. 2002).

Regarding the crime of simple possession of narcotics, 35 P.S. § 780-113(a)(16) prohibits

> [k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

We are mindful that constructive possession can be proven by circumstantial evidence and the "requisite knowledge and intent may be inferred from examination of the totality of the circumstances." *Commonwealth v. Clark*, 746 A.2d 1128, 1136 (Pa. Super. 2000), (quoting *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996)). Moreover, we have held that circumstantial evidence is reviewed by the same standard as direct evidence – that is, that a decision by the trial

- 3 -

court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Johnson*, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted). "[T]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.*

Additionally, pursuant to the Crimes Code, conspiracy is defined as follows:

**§ 903. Criminal conspiracy**

**(a) Definition of conspiracy.--** A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a).

> A conspiracy is almost always proved through circumstantial evidence. *Commonwealth v. Swerdlow*, 636 A.2d 1173, 1176 (Pa. Super. 1994). "The conduct of the parties and the circumstances surrounding their conduct may create 'a web of evidence' linking the accused to the alleged conspiracy beyond a reasonable doubt." [*Commonwealth v.*] *Johnson*, 719 A.2d [778,] 785 [(Pa. Super. 1998) (*en banc*), *appeal denied*, 739 A.2d 1056 (Pa. 1999)].

*Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa. Super. 2002).

- 4 -

Our review of the record reflects ample evidence to support the trial court's conclusion that Appellant committed the crimes in question. The trial court accurately summarized the testimony presented at the waiver trial as follows:

At trial the Commonwealth called Sergeant Neal Marabello of the Pittsburgh Police Department who testified that he was working as a narcotics detective on October 4, 2012 when he made arrangements to purchase $70 worth of heroin from [Appellant's] husband. Sergeant Marabello had contacted [Appellant's] husband by cell phone and was instructed to proceed to an address on Zara Street. When he arrived, Sergeant Marabello met [Appellant's] husband and gave him the $70. [Appellant's] husband then called a white male from his residence and handed him the money. The white male began to walk towards the 200 block of Zara Street with the money at which point [Appellant] approached the scene and was introduced to Sergeant Marabello as Mr. Abram's wife, Deb. (T., p. 11) Sergeant Marabello was then instructed to enter the residence to complete the transaction. Sergeant Marabello testified that he resisted going into the home, but [Appellant] "looked at me and stated that I had to come into the residence *because she has it.*" (T., p. 11) (Emphasis added)[.] Before entering the residence [Appellant's] husband retrieved the money from the man he had handed it to and Marabello, [Appellant] and her husband entered the residence. Sergeant Marabello then testified as follows:

"In the kitchen the co-defendant Shawn Abrams handed her my money. She produced a round container. It looked like a snuff container. I believe it came from her purse. Inside of it was two or three bundles of heroin, twenty to thirty stamp balls. She gave some of those to her husband Shawn who then handed me six bags. We walked to the door. He unlocked the door and I left the residence. I went back to the narcotics office, pulled her PennDOT photo where I positively identified her as Debra Abrams. We field-tested the heroin with a Scotts field test kit. It tested positive for heroin. It was sent to the Crime Lab. At Lab Number 12LAB09557

> it tested positive for heroin. They only tested one of the six bags. It tested as .02 grams." (T., p. 12)
>
> The authenticity of the crime lab report was stipulated to. (T., pp. 12-13) After an appropriate colloquy, [Appellant] elected not to testify or to present character testimony. (T., pp. 16-18) [Appellant] was then found guilty of all charges.

Trial Court Opinion, 11/19/14, at 2 (emphasis in original).

In addressing Appellant's claim, the trial court provided the following analysis:

> The record in this case clearly establishes that the evidence was sufficient to sustain the conviction. [Appellant] was an active participant in the sale of the heroin. Although Sergeant Marabello initially handed the money for the purchase of the heroin to [Appellant's] husband, it was [Appellant] who instructed Sergeant Marabello to enter the residence to complete the transaction because she had the heroin in her possession. Once inside the residence, the money was passed to [Appellant] and she produced the stamp bags from a container in her purse which she then handed to her husband who delivered them to Sergeant Marabello. Any contention that [Appellant] did not know that she was in possession of a controlled substance and was not an active participant in the delivery of the heroin is completely contradicted by the record. This is not a case in which [Appellant] was merely present at the scene of the crime or happened to witness its commission. The evidence establishes that she was a willing, active and knowing participant in the possession, sale and delivery of the heroin. Consequently the evidence was sufficient to support the conviction on each count.

Trial Court Opinion, 11/19/14, at 4.

We agree. Evaluating the record in the light most favorable to the Commonwealth as verdict winner and giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence, we conclude there was sufficient evidence to establish that Appellant was in possession of

heroin and possessed it with the intent to, and did in fact, deliver it. Additionally, the facts support the conclusion that Appellant was involved in a conspiracy to sell and deliver the heroin. Therefore, the conviction for conspiracy to deliver the heroin was supported by sufficient evidence of record. Accordingly, Appellant's claims of insufficient evidence with regard to her convictions of these crimes are meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015