J-A06007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| QUENTIN ADAMS | |
| Appellant | No. 2409 EDA 2015 |

Appeal from the Judgment of Sentence July 31, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003721-2015

BEFORE:  PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 17, 2017**

Appellant, Quentin Adams, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, Criminal Division, following his bench trial conviction for possession of cocaine and possession of heroin with intent to deliver. We affirm.

On March 25, 2015, Appellant was charged through a criminal complaint[1] with possession with intent to deliver (heroin) ("PWID"),[2] and

---

[1] There appears to be some discrepancy between the criminal complaint and the charges Appellant believes were at issue in his bench trial. Through his brief, Appellant contends that he was charged with two counts of PWID, one in relation to heroin, and one in relation to crack cocaine. *See* Appellant's Brief, at 4. This claim is supported by the trial court's "acquittal" of Appellant on the charges of PWID in relation to the crack cocaine. *See* N.T., 7/31/15, at 26. However, there is no evidence of record that Appellant was ever charged with a second count of PWID in relation to crack cocaine. *See* Criminal Complaint, 3/25/15.

possession of a controlled substance (crack cocaine).[3] In July 2015, Appellant proceeded to a bench trial before the Honorable Joan Brown.

At trial, the Commonwealth presented the analysis of the substances recovered as well as the testimony of Officer Watson and Officer Cooper. Officer Watson testified that on March 24, 2015, the police set up narcotics surveillance near the intersection of Hope and Cambria Streets in Philadelphia. *See* N.T., Trial, 7/31/15, at 6. At approximately 1:50 p.m., Officer Watson observed a white male, later identified as John Fritz, approach Appellant and engage in a conversation. *See id*. During the conversation, Officer Watson observed Fritz and Appellant exchange objects. *See id*. Upon receipt of this information from Officer Watson, Officer Purnell stopped Fritz and recovered a packet of heroin containing an insert marked with a "one-way" symbol.[4] *See id*., at 6-7.

Following the exchange with Fritz, Officer Watson observed Appellant head northwest on Hope Street and a second white male, later identified as Robert Krell, approach Appellant on the street corner. *See id*., at 7. Krell and Appellant engaged in conversation, during which Officer Watson

*(Footnote Continued)* ───────

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(16).

[4] The parties stipulated that Officer Purnell, if called to testify, would have indicated that he stopped Fritz and recovered a clear packet containing heroin and a "one-way" symbol from Fritz's person.

observed Appellant give Krell a small object in exchange for United States currency. *See id*. Officer Watson directed Officer Cornish to stop Krell, and upon searching Krell, Officer Cornish recovered a packet of heroin containing an insert with a "one-way" symbol.[5] *See id*., at 21.

After Krell was searched, Officer Cooper arrested Appellant on Cambria Street and recovered $404 in cash from Appellant's person. *See id*., at 14-15. Additionally, approximately fifteen to twenty feet from the site of Appellant's arrest, Officer Cooper recovered a cigarette box containing four red-tinted Ziploc bags filled with crack cocaine. *See id*., at 15. Following Appellant's arrest, Officer Cooper placed him in the back of her patrol car. *See id*., at 16.

As a matter of routine, Officer Cooper searched her patrol vehicle for weapons or contraband every morning before beginning her shift and every night at the conclusion of her shift. *See id*., at 15. Appellant was the first person Officer Cooper transported in her patrol car that day, and Officer Cooper confirmed that she checked the patrol car that day before her shift. *See id*. When Appellant was removed from the patrol car, Officer Cooper discovered nine chunks of cocaine, a clear plastic packet, and a plastic object resembling a small trash can from the back of her patrol car. *See id*.

---

[5] The parties stipulated that Officer Cornish, if called to testify, would have indicated that he recovered a clear packet marked with a "one-way" symbol and containing heroin from Krell's person.

Following the presentation of testimony, the court convicted Appellant of all the charges and immediately sentenced him to a term of 11½ months' to 23 months' imprisonment to be followed by a three-year probationary term. This timely appeal follows.

Appellant's sole issue on appeal is a challenge to the sufficiency of the evidence at trial to support his convictions. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003).

"The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Id**. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. **See id**. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be

- 4 -

drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

Appellant contends that the Commonwealth presented insufficient evidence to support the verdicts for both PWID and possession of cocaine. *See* Appellant's Brief, at 3. Specifically, Appellant alleges that the Commonwealth failed to establish that Appellant either actually or constructively possessed the crack cocaine or the heroin. *See id.*, at 10. Appellant also asserts that the evidence does not support his PWID conviction, as there was no evidence that Fritz and Krell purchased the heroin packets from Appellant. *See id.*, at 10-11. Finally, Appellant argues that it was pure speculation for the trial court to conclude that he ever had control over either substance. *See id.*, at 9-12.

Evidence is sufficient to support a conviction for possession of a controlled substance if the Commonwealth shows that the defendant, "knowingly or intentionally possessed a controlled or counterfeit substance[.]" *See* 35 P.S. § 780-113(a)(16). Further, for the evidence to be sufficient to sustain a conviction for PWID, the Commonwealth must prove both that the Appellant possessed the controlled substance, and that he intended to deliver the controlled substance. *See* 35 P.S. § 780-113(a)(30); *see also Commonwealth v. Bostick*, 958 A.2d 543, 560 (Pa. Super. 2008).

> The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. Factors which may be relevant in establishing that drugs were possessed with

the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

*Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) (citations omitted).

For either of these offenses, where the contraband a person is charged with possessing is not found on the defendant's person, the Commonwealth is required to prove constructive possession. *See Commonwealth v. Walker*, 874 A.2d 667, 677 (Pa. Super. 2005).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012) (internal quotation marks omitted). The circumstantial evidence to support a inference of constructive possession is "reviewed by the same standard as direct evidence – a decision by the trial court will be affirmed so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Bricker*, 882 A.2d 1008, 1014 (Pa. Super. 2005) (citations and quotation marks omitted).

First, viewing the evidence in the light most favorable to the Commonwealth, there is sufficient evidence to establish every element of possession of crack cocaine. Although the drugs were discovered in the

- 6 -

patrol car and not on Appellant's person, the totality of the circumstances supports the conclusion that Appellant constructively possessed the drugs. Officer Cooper testified that she searched the vehicle the morning prior to Appellant's arrest and did not find any contraband in her patrol car. Further, Appellant was the first person that day to ride in the rear of Officer Cooper's patrol car, where the crack cocaine was later discovered.

Based upon this testimony, the trial court was entitled to infer that Appellant constructively possessed the crack cocaine. **See Commonwealth v. Haskins**, 677 A.2d 328, 330 (Pa. Super. 1996) (holding that the fact that the contraband is located in an area usually accessibly only to the defendant may lead to an inference that he placed it there or knew of his presence). Thus, we find that Appellant's first challenge to the sufficiency of the evidence is without merit.

Further, we find that there was sufficient evidence to convict Appellant of PWID. Officer Watson watched Appellant engage in short conversations with two different men, in two different locations. In the second interaction, Officer Watson observed Appellant receive United States Currency in exchange for a small object. Both of the men Appellant spoke to were stopped shortly after their conversation with Appellant, and the parties stipulated that police recovered identically packaged heroin packets from

each man.[6] Further, the police recovered $404 in cash from Appellant after these interactions. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, this evidence was sufficient for the trial court to conclude that Appellant had constructive possession of the drugs prior to selling them to Fritz and Krell. Additionally, the packaging of the heroin packets marked with "one-way" symbols reasonably indicated that Appellant was intending to sell it. *See Commonwealth v. Delvalle*, 74 A.3d 1081, 1089 (Pa. Super. 2013) (stamping of heroin packets with "Moon Dust" indicated an intent to sell). Thus, we find that Appellant's challenge to the sufficiency of the evidence of his PWID conviction is also meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017

_____

[6] Through his appellate brief, Appellant attempts to bolster his claim of insufficient evidence of PWID by claiming that "there was no nexus established between the heroin recovered from any individual and the positive results for heroin, as there was no testimony or stipulation admitted into evidence about any packets of heroin being placed on a property receipt." Appellant's Brief, at 7. However, we note that Appellant's counsel stipulated that police officers recovered packets of heroin from Fritz and Krell. *See* N.T., at 21. Thus this argument is belied by the record.