J-S02044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.S.V., A JUVENILE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.S.V., JUVENILE | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 599 EDA 2025 |

Appeal from the Dispositional Order Entered January 27, 2025
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-JV-0000588-2024

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 23, 2026**

Appellant, D.S.V., a juvenile, appeals from the dispositional order entered on January 27, 2025, following his adjudication of delinquency for two counts of possession of a firearm with an altered manufacturer's number,[1] four counts of firearms not to be carried without a license,[2] one count of receiving stolen property (RSP),[3] and one count of evading arrest or detention on foot.[4] On appeal, Appellant challenges the sufficiency of the evidence supporting his adjudications for possession of a firearm with an altered manufacturer's number and firearms not to be carried without a license.

_____

[1] 18 Pa.C.S. § 6110.2(a).

[2] 18 Pa.C.S. § 6106(a)(1).

[3] 18 Pa.C.S. § 3925(a).

[4] 18 Pa.C.S. § 5104.2(a).

Additionally, Appellant argues that 18 Pa.C.S. § 6106(a)(1) is unconstitutional as applied in this matter. After review, we affirm the dispositional order in part and reverse in part.

The juvenile court summarized the facts of this case as follows:

In the instant matter, testimony received at the contested hearing on December 24, 2024[,] elicited the following: on December 6, 2024, Ese Duke was visiting a friend in Bangor, Northampton County, Pennsylvania. N.T. 12/24/24 at 11. Mr. Duke had driven his black BMW SUV to his friend's house and parked on the street nearby. *Id.* at 12-13; Exhibit 1. At approximately 6 or 7 a.m. the following morning, Mr. Duke discovered that the vehicle was missing and realized he had left the keys inside. *Id.* at 13-14. Mr. Duke testified that he did not have any weapons or guns in the vehicle. *Id.* at 16.

Officer Patrick Clinese of the Palmer Township Police Department was on patrol on December 7, 2024[,] when he received an alert regarding a stolen black BMW SUV traveling southbound on 25th Street. *Id.* at 19-21. Officer Clinese verified that the vehicle was stolen through NCIC and proceeded to follow the BMW in the area of the Palmer Park Mall while radioing for backup. *Id.* at 22. After observing the BMW make a U-turn, Officer Clinese initiated a motor vehicle stop with lights and sirens from his marked patrol vehicle. *Id.* at 23. The BMW proceeded at a high rate of speed, passing other vehicles and driving into the lanes of oncoming traffic. *Id.* at 25. The BMW failed to stop at multiple stop signs and a red light. *Id.* at 27. The BMW was traveling at 85 mph in a 45-mph zone, lost control and crashed at the entrance to Applebee's located on Nazareth Road. *Id.* at 28. Officer Clinese observed three individuals flee from the right side of the vehicle and two individuals flee from the left side of the vehicle. *Id.* at 28, 31. Office Clinese pursued and apprehended the driver, who was identified as 18 year old Daquan Snell. *Id.* at 32, 36. Officer Clinese's body camera and vehicle camera footage were entered into evidence. *Id.* at 34, Exhibit 2.

Officer Daniel Pacchioli of the Palmer Township Police Department joined the pursuit of the BMW on December 7, 2024[,] in full uniform and in a marked patrol car. *Id.* at 40-42. Officer Pacchioli was the third patrol vehicle pursuing the BMW, with Officer Clinese

leading, and Officer [Brad] Umholtz second. *Id.* at 42. After the BMW crashed, Officer Pacchioli observed three to five occupants flee the vehicle and began pursuing the suspects on foot. *Id.* at 44-45. Officer Pacchioli located two juveniles, including Appellant, hiding behind a guardrail. *Id.* at 45. Officer Pacchioli's body worn camera and vehicle camera footage were entered into evidence. *Id.* at 46-47, Exhibit 3. Officer Pacchioli observed two handguns on the floorboard of the BMW behind the passenger seat. *Id.* at 48. Officer Pacchioli testified that he observed a total of four guns … - the two handguns in the rear passenger floorboard, one [handgun] directly outside the passenger side of the BMW in the grass, and an AR-style rifle located on the passenger side of the vehicle near a light pole in the direction that Appellant ran. N.T. 12/30/24 at 8, 12. When Officer Pacchioli apprehended Appellant, he was missing a shoe, which was found pinched between the rear passenger tire of the BMW and the curb where the vehicle had stopped. *Id.* at 9. Officer Pacchioli did not see Appellant with any of the guns, but they were located in the direction that Appellant fled after exiting the BMW. *Id.* at 14.

Detective Sergeant Christopher Watt of the Painter Township Police Department responded to the scene on December 7, 2024. *Id.* at 15-17. Det. Watt collected the two firearms found outside the vehicle and had the BMW towed to impound where the two firearms inside the vehicle were secured. *Id.* at 18. One of the handguns inside the vehicle was a []9 mm handgun that was [a] combination of two different firearms without a serial number, a Geisler Defense lower portion with a flashlight laser point on the front. *Id.* at 23-24, Exhibit 4. It had a magazine inserted but no rounds in the chamber. *Id.* The other handgun found inside the vehicle was a Smith & Wesson .40 caliber handgun with serial number HEP6167, which had been reported stolen in 2018. *Id.* at 24. It was loaded with a bullet in the chamber. *Id.* The handgun found in the grass outside the BMW was [referred to as] a Polymer P80 handgun with an extended magazine. *Id.* at 26-28, Exhibit 5. It was loaded with a bullet in chamber and did not have a serial number. *Id.* at 28. The AR-style rifle was recovered near a lamppost on the passenger side of the BMW. *Id.* at 28-29, Exhibit 6. It was identified as a Palmetto PA-15 rifle that was loaded with a bullet in the chamber. *Id.* at 30. The serial number had been ground down to be only partially visible. *Id.* at 30-31.

Detective Brian Strong of the Palmer Township Police Department also responded to the scene and observed the BMW with all four doors open with two firearms visible on the right rear passenger

floor area. *Id.* at 39-41. Detective Strong photographed the evidence at the scene, including the guns found in the grass and the shoe located next to the BMW. *Id.* at 42-43, Exhibit 7. Appellant, in the presence of his mother, provided statements to Detective Strong at the Palmer Township Police Station after being provided with *Miranda* warnings.[5] *Id.* at 45. Appellant stated that he had been sitting in the right rear passenger seat in [the] vehicle. *Id.* at 46. Appellant's shoe was located near the rear passenger tire of the BMW. *Id.* at 46, Exhibit 7. Appellant admitted to sitting where the two handguns were found inside the BMW. *Id.* at 48. Appellant also admitted that he and the other juveniles had been looking for a vehicle to steal, and that a member of the group had originally taken a Subaru, which they ditched when they found the BMW. *Id.* at 49-50, 53. Detective Mark Garrett, a firearm and toolmark examiner, testified that he examined all of the firearms recovered in and near the BMW and determined them all to be operational. *Id.* at 54, 61-65, Exhibit 8. The Polymer [P]80 [handgun] he examined did not have a serial number on the frame, but [it] had a Glock barrel that had a serial number on it. *Id.* at 68.

Juvenile Court Opinion (JCO), 4/29/25, at 2-5.[6]

As stated above, Appellant was adjudicated delinquent on two counts of possession of a firearm with an altered manufacturer's number, four counts of firearms not to be carried without a license, one count of RSP, and one count of evading arrest or detention on foot.[7] The juvenile court entered its dispositional order on January 27, 2025, and on February 19, 2025, Appellant

_____

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[6] The record reflects that Appellant was born in June of 2009, and he was fifteen years old at the time of the events that occurred on December 6-7, 2024. Allegation of Delinquency, 12/8/24.

[7] As will be discussed, because Appellant was not found in actual physical possession of the firearms, the two counts of possession of a firearm with an altered manufacturer's number and four counts of firearms not to be carried without a license were established through constructive possession. JCO at 8.

- 4 -

filed a timely notice of appeal. Both the juvenile court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues, which we have renumbered, as follows:

1. Was the evidence supporting the adjudications on each of the four counts of possession of firearms not to be carried without a license, 18 Pa.C.S. § 6106(a)(1), legally insufficient?

2. Was the evidence supporting the adjudications on each of the two counts of possession of a firearm with altered manufacturer's number, 18 Pa.C.S. § 6110.2(a), legally insufficient?

3. Was Section 6106 unconstitutional as applied to this case?

Appellant's Brief at 4 (formatting altered).

In his first two issues, Appellant challenges the sufficiency of the evidence supporting his adjudications. "When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt." *In Interest of P.S.*, 158 A.3d 643, 650 (Pa. Super. 2017) (citation omitted). The standard of review we apply for a challenge to the sufficiency of the evidence is as follows:

[W]e must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence. Our scope of review is plenary.

- 5 -

*Interest of N.A.D.*, 205 A.3d 1237, 1239-40 (Pa. Super. 2019)(some formatting altered and internal citations omitted).

**I.**

We first address Appellant's challenge to the sufficiency of the evidence supporting his adjudications for firearms not to be carried without a license. Appellant argues that the evidence was insufficient to establish that he constructively possessed the firearms. Appellant's Brief at 13.

The Pennsylvania Crimes Code defines firearms not to be carried without a license as follows:

**(a) Offense defined.—**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1). We note that

[p]ossession can be found by actual possession or constructive possession. When there is no direct evidence the person was in physical possession of the firearm, the Commonwealth must prove the element of possession through what has been described as the legal fiction of constructive possession. This Court has stated that a defendant has constructive possession of contraband if he has conscious dominion of it, that is, he has the power to control the contraband and the intent to exercise that control. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not, and may be established by the totality of the circumstances.

*Commonwealth v. McIntyre*, 333 A.3d 417, 432 (Pa. Super. 2025)(formatting altered and internal citations omitted). "The fact that

another person may also have control and access does not eliminate the defendant's constructive possession; two actors may have joint control and equal access and thus both may constructively possess the contraband." ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996); ***see also Commonwealth v. Muhammad***, 335 A.3d 1047, 1053 (Pa. 2025) (Opinion Announcing the Judgment of the Court) (stating that "[b]y its plain terms, Section 6106 applies to any person who carries a firearm in any vehicle. … Even assuming carries means possesses for purposes of Section 6106, there is certainly nothing in the statute requiring that in addition to carrying the firearm in a vehicle, the defendant must also control the gun as well") (citation omitted and formatting altered)).  Finally, we note that the finder of fact may infer consciousness of guilt from a person's flight or other evasive conduct upon observing police presence.  ***Commonwealth v. Smith***, 146 A.3d 257, 263 (Pa. Super. 2016).

> The juvenile court concluded as follows:
>
> Here, the record reflects that the Commonwealth sufficiently demonstrated that Appellant had constructive possession of the firearms identified in this case, based upon the totality of the circumstances, where Appellant admitted to knowingly getting into a stolen vehicle; admitted to being in the rear passenger seat of the stolen vehicle where, in immediate proximity, two handguns were subsequently located; admitted to and was observed fleeing from the vehicle; admitted to losing his shoe in the process of fleeing the stolen vehicle with the shoe being found directly outside the rear passenger door of the vehicle; and the two [other] firearms at issue were found along the path he took in fleeing from the stolen vehicle.

* * *

As set forth above, the record is sufficient to find that Appellant had constructive possession of the two firearms found outside of the vehicle based upon the totality of the circumstances. With regard to the two handguns found within the vehicle, the circumstantial evidence of Appellant's constructive possession is even more robust. Appellant admitted to being seated in the rear passenger seat of the BMW where the two handguns were in plain view and would have been obvious to Appellant. Appellant's access to and immediate control over this area of the vehicle was greater than that of any other passenger.

JCO at 6, 8-9.

After review, we conclude that the evidence established that Appellant constructively possessed the firearms found inside the car. First, it is undisputed that Appellant was not licensed to possess any of the firearms.[8] Additionally, Appellant was seated in close proximity to the two firearms found in the car. Indeed, the record reveals that Appellant admitted to Detective Strong that he was seated in the right rear passenger seat of the car, and that the floor of the car in the right rear passenger seat is where the .40 caliber Smith and Wesson and the Geisler Defense 9mm firearms were located. N.T., 12/30/24, at 23-24, 41, 46-48. The fact that other occupants of the car may also have had access and control over the firearms does not eliminate Appellant's constructive possession of the firearms found inside the car. *Haskins*, 677 A.2d at 330. Based on the totality of the circumstances, we conclude that the trial court could rationally conclude that Appellant

---

[8] Because Appellant was only fifteen years old, he was statutorily ineligible to obtain a firearm license. 18 Pa.C.S. §§ 6109, 6110.1; *see, e.g., In re R.B.G.*, 932 A.2d 166 (Pa. Super. 2007).

constructively possessed the two guns located on the floor of the car where he was seated. **McIntyre**, 333 A.3d at 432; **Muhammad**, 335 A.3d at 1053; **N.A.D.**, 205 A.3d at 1239; **Haskins**, 677 A.2d at 330; **see also Commonwealth v. Brown**, 52 A.3d 1139, 1164 (Pa. 2012) (stating that "determination of the ultimate question of evidentiary sufficiency" is whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (citations omitted).

However, we are constrained to conclude that the evidence was not sufficient to establish that while inside the car before he fled, Appellant constructively possessed the two firearms that were subsequently found outside the car.[9] The record reflects that Appellant admitted to Detective Strong that he lost his shoe when he ran from the car. N.T., 12/30/2024, at 46. The two firearms found outside the car were located along the path where Appellant would have traveled after he lost his shoe during his flight from the

_____

[9] As noted, the Commonwealth was required to establish constructive possession of the firearms. Because there is no evidence showing that Appellant possessed and concealed the firearms after fleeing from the vehicle, we focus on whether he constructively possessed the firearms while still inside the vehicle. This is necessary because, as Appellant correctly points out, the Commonwealth may not prove that a defendant "carrie[d] a firearm concealed on or about his person" under 18 Pa.C.S. § 6106(a)(1) through constructive possession as that language from the statute requires actual physical possession. Appellant's Brief at 13 (citing **Commonwealth v. Peters**, 218 A.3d 1206, 1212 (Pa. 2019); 18 Pa.C.S. § 6106(a)(1)). Accordingly, in order to sustain the adjudications under Section 6106(a)(1), the Commonwealth was required to establish that Appellant constructively possessed all four firearms when he was inside the vehicle. **Peters**, 218 A.3d at 1212; 18 Pa.C.S. § 6106(a)(1).

car. *Id.* at 46. The Polymer P80 handgun was found on the grass outside the passenger side of the car, and the Palmetto PA-15 was found next to a pole along the route that Appellant and the others ran when they fled the car. *Id.* at 8, 12, 27, 46.

These facts would present a compelling case of constructive possession if Appellant had been the only occupant to have fled from the vehicle. However, as stated above, it was not just Appellant who fled from the passenger side of the car and ran from the scene. Rather, Appellant and two others exited on the passenger side and ran from the car. *Id.* at 28, 31, 42. Other than Appellant's mere presence in the vehicle and the circumstantial evidence of guilt based on his flight, the evidence does not support the conclusion that Appellant constructively possessed the Polymer P80 and Palmetto PA-15 firearms. Whereas the Commonwealth established Appellant's physical location inside the vehicle and his ready access to the firearms recovered from the interior of the vehicle, no such additional evidence connects Appellant or any other occupant to the Polymer P80 and Palmetto PA-15 weapons. Because three individuals ran from the passenger side of the car and the guns were found outside in the direction that Appellant and others ran, we conclude that any finding of constructive possession rests on conjecture. *See In Interest of J.B.*, 189 A.3d 390, 412 (Pa. 2018) (explaining that evidence is insufficient when it "yields competing ultimate inferences equally consistent with the defendant's innocence as with his guilt, thereby rendering the factfinder's guilty verdict the product of surmise or

conjecture"). Accordingly, we reverse the dispositional order adjudicating Appellant delinquent with respect to possessing the two firearms found outside the car.

For the reasons set forth above, we conclude that the evidence was sufficient to establish that Appellant constructively possessed the two guns located inside the car, and we affirm the dispositional order adjudicating Appellant delinquent with respect to those two firearms. However, we reverse the dispositional order adjudicating Appellant delinquent with respect to possessing the two firearms found outside the car.

## II.

Next, Appellant challenges his adjudications for possession of firearms with an altered manufacturer's number regarding the Palmetto PA-15 and the Polymer P80 handgun that were found outside the car. Appellant's Brief at 10-12. After review, we conclude that in light of our disposition above, we must reverse on these two counts.

Possession of a firearm with an altered manufacturer's number is defined, in relevant part, as follows:

> **(a) General rule.--**No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated.

18 Pa.C.S. § 6110.2(a).

Because Section 6110.2(a) requires possession of the firearm as an element of the offense, and because we concluded above that the evidence was not sufficient to establish that Appellant possessed the two firearms at

issue — the Polymer P80 handgun and the Palmetto PA-15 that were found outside the car — we conclude that the evidence was not sufficient to establish Appellant's guilt for either count of possession of a firearm with an altered manufacturer's number. Accordingly, we are constrained to reverse the dispositional order adjudicating Appellant delinquent with respect to the two counts of possession of a firearm with an altered manufacturer's number under 18 Pa.C.S. § 6110.2(a).[10]

### III.

In his final issue, Appellant challenges the constitutionality of 18 Pa.C.S. 6106 as applied in this case. Appellant's Brief at 14. Appellant's entire argument is as follows:

> In **Suarez v Paris**, 741 F. Supp.3d 237, 258 (M.D. Pa. 2024) the United States District Court for the Middle District of Pennsylvania held that 18 Pa.C.S. § 6106 as applied to persons possessing firearms within a vehicle was unconstitutional under the Second Amendment to the United States Constitution. This decision was issued on July 24, 2024, and has since been stayed by the district court while an appeal is pending in the Court of Appeals for the Third Circuit. [Appellant] raises this issue in the event that the Third Circuit affirms the district court's decision in **Suarez**, in which case [Appellant's] adjudications for violating Section 6106 should be vacated.

**Id.** (some formatting altered).

In **Suarez**, the District Court stated:

> [18 Pa.C.S. §] 6106 also prohibits unlicensed individuals from carrying firearms in their vehicles. **See** 18 PA. CONS. STAT.

_____

[10] Due to our finding that Appellant did not possess the firearms, we do not address his separate arguments challenging whether the Commonwealth established that the two firearms had altered serial numbers.

§ 6106(a)(1). The vehicle provision applies equally to those who conceal their weapons and to those who display them openly. Plaintiffs express a desire and intention to carry firearms while traveling throughout the Commonwealth in motor vehicles.

If public carry necessarily extends beyond the home such that an individual may lawfully bear a firearm in a public place, commonsense dictates that the Constitution's protections cannot simply evaporate whenever a vehicle is required to travel between the two. *See* [*New York State Rifle & Pistol Ass'n, Inc. v.*] ***Bruen***, 597 U.S. [1], 32 [(2022)](noting that the "definition of 'bear' naturally encompasses public carry"); *id.* ("Nothing in the Second Amendment's text draws a home/public distinction with respect to the right to keep and bear arms."). Under ***Bruen*** and its progeny, Pennsylvanians must be permitted to freely transport firearms for their constitutional rights to have potency. Just as confining the right to bear arms to the home would "nullify half of the Second Amendment's operative protections," *see id.*, the court cannot countenance an interpretation whereby those protections extend only as far as an individual can travel by foot. We therefore conclude that the conveyance of firearms in motor vehicles is conduct protected by the Second Amendment.

Applying ***Bruen*** and [***United States v. Rahimi***, 602 U.S. 680 (2024)], we must now examine whether the vehicle provision of Section 6106 comports with the nation's history and tradition of firearm regulation. Unfortunately, Commissioner Paris has submitted nothing of evidentiary value in support of his position. The ***Bruen*** Court cautioned that lower courts should "follow the principle of party presentation," and that we are "entitled to decide a case based on the historical record compiled by the parties." *Id.* at 25 n.6 (quoting ***United States v. Sineneng-Smith***, 590 U.S. 371, 375 (2020)). Judges "are not obliged to sift the historical materials for evidence" to uphold a regulation; that burden rests with the government. *Id.* at 60.

Commissioner Paris has failed to demonstrate that Section 6106's vehicle provision is consistent with historically analogous firearm regulations. He cites no primary sources and just two scholarly articles: one in support of his argument regarding Section 6107, and the other in support of his argument regarding Section 6106's concealed carry provision. Neither source addresses laws governing the transportation of firearms, let alone supports a blanket prohibition on possessing them in conveyances of any kind. Citing case law abrogated by ***Bruen***, the Commissioner also

tenuously suggests that prohibiting carry in a vehicle is akin to prohibiting concealed carry. (*See* Doc. 43 at 22) (citing *United States v. Masciandro*, 638 F.3d 458, 473-74 (4th Cir. 2011)). We agree to a certain extent. Firearms carried in vehicles are frequently concealed from public view. On the surface, a vehicle carry prohibition is a "manner of carry" regulation. *See Bruen*, 597 U.S. at 17. That said, the Commissioner has failed to present any basis in history or tradition to uphold comprehensive prohibitions on the transportation of firearms in vehicles. Vehicle transport prohibitions, like concealed carry prohibitions, must undergo standard *Bruen* scrutiny.

*Suarez v. Paris*, 741 F.Supp.3d 237, 258–59 (M.D.Pa. 2024) (some citations omitted and formatting altered).

"A challenge to the constitutionality of a criminal statute presents us with 'a pure question of law for which our standard of review is de novo, and our scope of review is plenary.'" *Commonwealth v. Jenkins*, 328 A.3d 1076, 1084–85 (Pa. Super. 2024)(quoting *Commonwealth v. Collins*, 286 A.3d 767, 775 (Pa. Super. 2022)).

Our review is guided by the following:

> [A] statute is presumed to be constitutional and will only be invalidated as unconstitutional if it clearly, palpably, and plainly violates constitutional rights. [A] defendant may contest the constitutionality of a statute on its face or as-applied. A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case. An as-applied attack, in contrast, does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right. A criminal defendant may seek to vacate his conviction by demonstrating a law's facial or as-applied unconstitutionality.

> *Commonwealth v. Bradley*, 232 A.3d 747, 756-57 (Pa. Super. 2020) (citation omitted). "If there is any doubt that a challenger has failed to [demonstrate the] high burden [of establishing the unconstitutionality of a statute], then that doubt must be resolved

in favor of finding the statute constitutional." ***Collins***, 286 A.3d at 785 (citation omitted).

***Commonwealth v. Jenkins***, 328 A.3d 1076, 1084–85 (Pa. Super. 2024). However, "[w]e have long held that our courts should not decide constitutional issues in cases which can properly be decided on non-constitutional grounds." ***Commonwealth v. Jones-Williams***, 279 A.3d 508, 519 (Pa. 2022) (quoting ***Barasch v. Bell Telephone Co. of Pennsylvania***, 605 A.2d 1198, 1203 (Pa. 1992)).

At the outset, we note that federal court decisions, other than those of United States Supreme Court, are not binding on this Court. ***Commonwealth v. Williams***, 341 A.3d 144, 156 (Pa. Super. 2025).[11]  Further, the ***Suarez*** Court stayed its decision pending appeal, and on October 23, 2024, the United States Court of Appeals for the Third Circuit entered an order denying the motion to lift the District Court's stay. ***See Suarez v. Commissioner***, 24-2395 (3d. Cir. Oct. 23, 2024) (order denying motion to lift stay).  Therefore, the stay remains in place and the appeal remains pending as of this writing. In other words, the stated basis for Appellant raising this issue, which was the possibility that the Third Circuit Court of Appeals might affirm the District Court's ruling,[12] has not occurred.

---

[11] We note that the ***Williams*** Court concluded that Section 6106 was constitutional as applied to the 19-year-old appellant in that case who could not obtain a license to carry a firearm because, although he was an adult over the age of 18, he was not yet 21 years old.  ***Williams***, 341 A.3d at 159.

[12] Appellant's Brief at 14.

Additionally, the **Suarez** Court did not hold that 18 Pa.C.S. § 6106(a)(1) was unconstitutional as applied to juveniles, and it did not address whether juveniles in Pennsylvania are statutorily precluded from possessing firearms. As the Commonwealth notes, Appellant is a juvenile, and "a juvenile has no right to possess a firearm in any location, whether in a car or anywhere else." Commonwealth's Brief at 12-13.

Pursuant to 18 Pa.C.S. § 6110.1(a), subject to certain exceptions not applicable here, "a person under 18 years of age shall not possess or transport a firearm anywhere in this Commonwealth." 18 Pa.C.S. § 6110.1(a). Because Appellant was fifteen years old at the time of the events in this case, he was statutorily precluded from possessing a firearm. Accordingly, we need not reach the constitutionality of 18 Pa.C.S. § 6106 as applied to Appellant.[13] **See Jones-Williams**, 279 A.3d at 519.

For the reasons stated above, we reverse Appellant's delinquency adjudications for possession of a firearm without a license under 18 Pa.C.S. § 6106(a)(1) on the two counts related to the firearms found outside the car. Furthermore, we reverse Appellant's delinquency adjudications for the two counts of possession of a firearm with an altered manufacturer's number under 18 Pa.C.S. § 6110.2(a). In all other respects, the dispositional order is affirmed.

Order affirmed in part and reversed in part. Jurisdiction relinquished.

---

[13] Further, we note that Appellant has not raised a challenge to the constitutionality of 18 Pa.C.S. § 6110.1(a).

- 16 -

Judge Murray joins this memorandum.

Judge Nichols notes dissent.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2026