J-S05038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
JUMAR THOMPSON :
:
Appellant : No. 441 WDA 2022

Appeal from the PCRA Order Entered March 22, 2022
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001068-2015

BEFORE: BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: June 6, 2023**

Jumar Thompson appeals the order granting in part and denying in part

his Post Conviction Relief Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541-

9546. He claims that he raised meritorious claims of ineffective assistance of

counsel. We affirm.

We restate the facts as aptly summarized by the trial court.

> John Corso testified that as of May 10, 2015 he owned
> several vehicles and it was his practice to rent his extra
> vehicles. In the morning hours of May 10th he received a
> telephone call from an individual named "Chris" advising
> that another individual desired to rent a vehicle. Mr. Corso
> went to a park in New Brighton where he met with a man
> he knew as "Tone", whom Mr. Corso had previously met but
> did not know well. At [t]rial, Mr. Corso identified "Tone" as
> [Thompson]. Mr. Corso rented a 1995 Buick LaSabre to
> [Thompson] for the day for $100. [Thompson] advised that
> he had had an altercation with his girlfriend and needed the
> vehicle to move his personal belongings to Pittsburgh.
> [Thompson] placed a substantial amount ("a good bit") of
> personal items in various bags into the vehicle.

At approximately 8:00 P.M. Mr. Corso received a call from [Thompson] and they made arrangements to meet at a gas station for [Thompson] to return the vehicle. Mr. Corso arrived at the gas station and within a few minutes [Thompson] arrived. [Thompson] exited the gas station with Mr. Corso behind him and another vehicle between them. Mr. Corso observed that the vehicle between him and [Thompson] was an unmarked police car, which initiated a traffic stop of [Thompson's] vehicle soon after it had left the gas station.

Mr. Corso denied that the vehicle contained a firearm or synthetic marijuana when he rented it to [Thompson]; prior to renting his vehicles it was his practice to completely empty and clean the vehicle.

Sergeant Ronald Walton is employed by the New Brighton Police Department. He has 21 years of experience in law enforcement and has handled hundreds of drug investigations and arrests in his career. Sgt. [Ronald] Walton testified as follows:

On the evening of May 10, 2015 he was on routine patrol traveling on Fifth Avenue in New Brighton. He observed a vehicle traveling towards him drift into his lane of travel; Sgt. Walton continued to watch the vehicle in his rearview mirror and observed the subject vehicle stop at a stop sign for an abnormally long period of time. He then observed the vehicle approach and swerve to avoid a parked vehicle. Sgt. Walton turned his vehicle around and observed the vehicle pass through a gas station parking lot, appearing to "cut the corner, so to speak, to avoid the stop sign." At that time Sgt. Walton initiated a traffic stop.

Sgt. Walton first ran the (Ohio) license plate, which indicated the vehicle was registered to John Corso. Upon approaching the vehicle, he observed that the driver, [Thompson], was sweating profusely. [Thompson] was unable to provide the vehicle's registration or proof of insurance and advised Sgt. Walton that he had rented the vehicle from a man named "Billy". Sgt. Walton observed roaches or blunts on the center console ashtray; he also observed "shake", or loose vegetable matter, on the seats, console, floor, and throughout the vehicle; he also observed flavored cigar packages on the passenger seat and a cup in

the center console which contained tobacco, presumably from the emptied cigars. In Sgt. Walton's experience all of these observations are consistent with the use of marijuana or other controlled substances.

Sgt. Walton removed [Thompson] from the vehicle and retrieved one of the blunts for examination. The substance inside of the blunt had the appearance of marijuana but did not have the odor. Sgt. Walton observed a duffle bag on the passenger floor of the vehicle; the duffle bag was partially unzipped and he observed a large (two-gallon) Ziploc bag inside the duffle bag. Inside the Ziploc bag were 61 individually sealed packages of synthetic marijuana labeled "Cheap Trick" or "Black Voodoo". After removing the Ziploc bag from the duffle bag, Sgt. Walton observed a handgun in the duffle bag. The handgun was loaded and Sgt. Walton later tested the handgun and determined that it functioned properly. . . .

. . . The vehicle was impounded and searched and a debit card in [Thompson's] name was found in the glove compartment. Sgt. Walton later learned from other law enforcement officers that [Thompson] uses the nickname "Tone".

Opinion & Final Order, filed 3/22/22, at 3-5 (footnotes and citations omitted) (citing Memorandum Opinion and Order, 6/16/16).

Following trial, the jury convicted Thompson of multiple crimes including firearms not to be carried without a license and possession with intent to deliver a controlled substance. The court sentenced Thompson to an aggregate term of 42 to 84 months' incarceration. Thompson filed a post-sentence motion arguing that "[t]he Commonwealth did not present sufficient evidence to prove beyond a reasonable doubt all of the elements of the offenses for which he was convicted." Post Trial Mot., filed 4/26/16, at ¶ 3(a).

Thompson filed a direct appeal, raising issues of sufficiency and weight of the evidence as well as a challenge to the discretionary aspects of his sentence. Regarding the issue of sufficiency, we found the claim meritless based on the trial court opinion which concluded that the Commonwealth presented sufficient evidence of Thompson's constructive possession of the duffel bag and its contents. *See Commonwealth v. Thompson*, 2017 WL 729751 at *3 (Pa.Super. filed Feb. 24, 2017) (unpublished memorandum). We affirmed the judgment of sentence and Thompson did not seek further appellate review.

Thompson filed the instant timely PCRA petition in February 2018. The court appointed counsel and following the withdrawal of counsel and appointment of new counsel, Thompson filed an amended PCRA petition. In the petition, he raised claims of ineffective assistance of counsel. The court granted Thompson's petition on the sole claim that trial counsel was ineffective for failing to appeal the court's denial of his suppression motion. It determined that Thompson suffered no prejudice regarding the remaining claims and denied them as meritless. The order denying in part and granting in part the PCRA petition read: "Trial Counsel was determined to be ineffective for failing to appeal the Suppression Court's ruling (Petitioner's claim D), and the **Petitioner's direct appeal rights are reinstated** as regards this single issue." Final Order, filed 3/21/22 (emphasis added). This timely appeal followed.

Thompson raises the following claims:

I.      Whether the seizure of drugs and a firearm from the inside of a closed duffel bag found inside of a motor vehicle operated by [Thompson] was legal in that police lacked probable cause to force a stop of said motor vehicle and thereafter lacked probable cause to search the interior of the motor vehicle and seize the duffel bag and thereafter lacked probable cause to search inside the duffel bag[.]

II.     Whether prior legal counsel provided ineffective assistance of counsel in failing to adequately preserve, raise, brief and argue post-sentence motion and on direct appeal the sufficiency of the evidence that [Thompson] constructively possessed the firearm and drugs found in the duffel bag in the Buick[.]

III.    Whether prior legal counsel was ineffective in failing to secure expert testing of the firearm seized from the duffel bag for fingerprint and DNA evidence[.]

IV.     Whether prior legal counsel provided ineffective assistance of counsel in failing to obtain and use at trial the complete prior criminal history of Corso, the owner of the Buick, through pre-trial discovery and/or his own investigation, specifically, his pending criminal charges and a pending summary case[.]

V.      Whether prior legal counsel provided ineffective assistance of counsel in failing to cross-examine Corso and Walton about the cocaine found in the Buick which would have further undermined Corso's credibility[.]

VI.     Whether prior legal counsel provided ineffective assistance of counsel in failing to move into evidence Corso's written statement and failing to then have it sent out with the jury during deliberation.

VII.    Prior legal counsel provided ineffective assistance of counsel in laboring under an actual conflict of interest due to the office of the Beaver County Public Defender simultaneously representing Corso and [Thompson].

Thompson's Br. at 4-5 (answers omitted) (issues renumbered for ease of disposition.

Thompson's first issue addresses the trial court's denial of his suppression motion. Thompson notes that the PCRA court reinstated his direct appeal rights as to the sole claim of counsel's ineffectiveness regarding the motion to suppress and failing to appeal the denial. *See id.* at 22 n.11. He states that he addresses this claim before this Court "as if on direct appeal." *Id.*

We do not address this issue as it is not properly before this Court. Thompson appealed the order of the PCRA court, as it denied PCRA relief in part. However, he did not pursue the relief granted by the PCRA court, by filing a direct appeal from his judgment of sentence raising a challenge to the denial of the suppression motion. *See Commonwealth v. Pratt*, 930 A.2d 561, 562 n.1 (Pa.Super. 2007) (appeal of motion to suppress properly lies from judgment of sentence). Therefore, the only appeal before us is the appeal from the PCRA court's order denying Thompson's PCRA petition in part.

We now address Thompson's remaining issues which go to the denial of his PCRA petition. "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019).

Thompson claims that counsel was ineffective for failing to "adequately research and brief" a challenge to the sufficiency of the evidence for his constructive possession of the duffel bag and its contents in the post-sentence motion and appellate brief. Thompson's Br. at 45. He maintains that counsel drafted a post-sentence motion and appellate brief that contained "mere boilerplate argument." *Id.* at 50. He posits that the facts presented at trial did not support a showing that he "exercised conscious dominion" of the contents of the duffel bag or that he knew of the contents of the bag. *See id.* at 48-49. Thompson argues that because of counsel's "deficient pleadings," counsel prevented him from "obtaining a merit review of the issue." *Id.* at 50.

Counsel is presumed effective. *See Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). To overcome this presumption, the petitioner must plead and prove the following: "(1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." *Id.* Prejudice exists where "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa.Super. 2012). The petitioner must satisfy each prong or the claim must fail. *See Commonwealth v. Basemore*, 744 A.2d 717, 738 n.23 (Pa. 2000).

Here, trial counsel filed a post-sentence motion raising amongst other issues, a challenge to the sufficiency of the evidence. The post-sentence

motion did not specify whether counsel was specifically challenging the sufficiency of the evidence for constructive possession. The same is true of Thompson's brief on direct appeal. Nonetheless, we conclude that the PCRA court did not err in rejecting this claim of ineffectiveness.

"Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction." **Commonwealth v. Parrish**, 191 A.3d 31, 36 (Pa.Super. 2018). Constructive possession exists where the defendant has "the power to control the contraband and the intent to exercise that control." **Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted). The Commonwealth may prove constructive possession "by the totality of the circumstances" and through circumstantial evidence. **Id.**; **Commonwealth v. Haskins**, 677 A.2d 328, 330 (Pa.Super. 1996). The defendant's presence near or at the place where police find the contraband, alone, is not sufficient. **See Commonwealth v. Valette**, 613 A.2d 548, 551 (Pa. 1992). The Commonwealth must also prove the defendant's intent to control the contraband by showing the defendant's knowledge of the existence and location of the contraband. **Parrish**, 191 A.3d at 37.

When considering a challenge to the sufficiency of the evidence, a court must determine "whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt."

***Commonwealth v. Melvin***, 103 A.3d 1, 39 (Pa.Super. 2014) (citation omitted).

Here, the evidence established that Thompson rented a vehicle from Corso and that the vehicle was empty prior to it being in his possession. Thompson was the sole occupant of the vehicle at the time Sergeant Walton conducted a traffic stop of the vehicle. Thompson was driving the vehicle and the duffle bag was located on the floor of the front passenger seat. Sergeant Walton also testified that the bag was partially unzipped. N.T., Trial, 3/16/16, at 119.[1] Considering the standard for a challenge to the sufficiency of the evidence, the Commonwealth provided sufficient evidence of Thompson's constructive possession of the duffle bag. As the sole occupant of the vehicle, Thompson had the power to control the duffle bag and the intent to control that bag. Additionally, though Thompson claims that he did not know the bag was in the car, the bag was in plain view. Therefore, even if appellate counsel had presented a more robust argument in the post-sentence motion, a claim challenging constructive possession would have been meritless. Furthermore, counsel did not prevent Thompson from a merit review of the issue. As stated above, this Court rejected Thompson's claim of sufficiency and concluded that the court correctly determined that the Commonwealth had sufficiently shown Thompson's constructive possession of the bag and the firearm in the bag. Thus, counsel cannot be ineffective for failing to raise this meritless claim. ***See***

---

[1] Throughout his brief, Thompson claims that the duffle bag was closed. This is an inaccurate representation of the evidence presented at trial.

*Commonwealth v. Philistin*, 53 A.3d 1, 10 (Pa. 2012) ("Counsel cannot be deemed ineffective for failing to raise a meritless claim").

Next, Thompson argues that counsel was ineffective for failing to order forensic testing of the gun recovered from the duffle bag. Thompson maintains that he "repeatedly requested prior legal counsel to secure fingerprint and DNA analysis of the firearm[.]" Thompson's Br. at 51. He alleges that counsel "misled [Thompson] (and possibly himself) into believing that the Commonwealth was in the process of securing said analysis[.]" *Id.* at 52. Without this evidence, Thompson maintains that he was not able to present rebuttable evidence.

A PCRA petitioner claiming ineffectiveness for failure to acquire or present evidence must demonstrate how the missing evidence would have changed the outcome of the case, in order to show prejudice. ***See Commonwealth v. Sneed***, 45 A.3d 1096, 1109 (Pa. 2012); ***Commonwealth v. Zepprinans***, No. 1815 EDA 2020, 2022 WL 102632, at *5 (Pa.Super. filed Jan. 11, 2022) (unpublished mem.). Thompson has failed to show prejudice here because he has not shown that the forensic examination of the firearm would have been helpful to the defense.

Here, Thompson claims that counsel's failure to request forensic DNA testing on the firearm prejudiced him because it "*could* have proven [Thompson's] innocence." Thompson's Br. at 53 (emphasis added). This is speculative. Without a forensic analysis of the firearm, Thompson failed to show that but for counsel's inaction, the outcome of his case would have been

different. *See* 42 Pa.C.S.A. § 9543.1(a) (providing for postconviction DNA testing upon a motion explaining there is a reasonable probability the testing would provide exculpatory evidence that would establish the applicant's actual innocence). Though Thompson claims that the testing could have proven his innocence, it is just as likely that the testing could have proven his guilt. Furthermore, even if there was a lack of forensic DNA evidence connecting Thompson to the gun, the evidence at trial established his constructive possession of the firearm. Thompson was the sole occupant of the vehicle and officers recovered the firearm from a duffle bag on the floor directly across from him. The PCRA court did not err in rejecting this claim.

Thompson's next three issues challenge counsel's effectiveness regarding Corso, a witness for the Commonwealth. Thompson maintains that Corso had a prior theft conviction, two pending criminal cases in Beaver County, and one pending criminal case in Allegheny County. He states that the three pending cases "established that Corso was biased and had a motive to testify falsely, i.e., to avoid conviction and the associated potential penalties for each of those three cases." Thompson's Br. at 32. He argues that counsel's actions prejudiced him because if counsel had admitted "the admissible impeachment evidence against Corso, [it] would have presented a reasonable alternative to the Commonwealth's argument that the duffel bag was [Thompson's], since he was the sole occupant at the time of the forced stop." *Id.* at 33. He states that this is true considering his testimony that he rented

the vehicle from someone named Billy. Thus, it is possible that he could have rented the vehicle without knowing the bag was in the vehicle.

The PCRA court rejected all of Thompson's claims regarding counsel's treatment of Corso at trial, finding that Thompson had failed to establish prejudice. The court stated that no amount of evidence or questions directed to expose Corso's potential bias and attack his credibility "would have served to overcome the overwhelming evidence in this case." Opinion & Final Order at 9. This was not error.

Here, even if counsel had addressed Corso about his three open cases, Thompson has failed to prove prejudice, considering the overwhelming evidence of Thompson's guilt. As the PCRA court explained, the evidence showed that when Sergeant Walton initiated a traffic stop of Thompson's car, Thompson was the sole occupant, and "the drugs and firearm were found in a partially open duffle bag that was in arms reach of [Thompson], in plain view on the floor of the front passenger-seat." Opinion & Final Order at 7. Furthermore, counsel cross-examined Corso regarding his *crimen falsi* conviction, and the court instructed the jury that it could use the prior conviction "in deciding whether or not to believe all or part of Mr. Corso's testimony." **See** N.T. at 83, 88-89; 264; **see also** Pa.R.E. 609(a) ("For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement"). Accordingly, this claim must fail.

Thompson also claims that counsel was ineffective for failing to ask Corso about police suspecting him of being the owner of a packet of cocaine that officers recovered from the backseat of the vehicle. He states that at the preliminary hearing, Sergeant Walton testified that police suspected that Corso, and not Thompson, possessed the cocaine in the car. *See* Thompson's Br. at 35. He maintains that had counsel elicited this information at trial it "would have provided the jury with something else to use in deciding Corso's veracity." *Id.* Thompson maintains that he has established prejudice considering his testimony at trial that he rented the vehicle from someone other than Corso.

As with his previous claim, Thompson has again failed to establish prejudice. Evening considering that police initially suspected that the cocaine in the car belonged to Corso, there was an overwhelming amount of evidence against Thompson. Therefore, Thompson failed to show that but for counsel's actions, the outcome of the case would have been different.

Thompson also argues that counsel failed to impeach Corso with his statement to police. He claims that while counsel addressed some areas of the statement, he failed to address inconsistencies within the statement such as: 1) that a man named Chris told Corso that his "unnamed friend" needed the car because of some issues with his girlfriend; 2) that Corso never identified the man he met in the park by name; 3) that Chris never gave the name of his friend that needed the vehicle; and 4) that Corso didn't know the person he met with in the park. *See id.* at 42. Thompson maintains that if counsel

had challenged Corso with these inconsistencies, it would have been the basis to introduce his statement as a prior inconsistent statement and admitted as evidence for the jury to review. He notes that counsel told the court "that he never intended to submit it as an exhibit nor was he going to ask that it [be] sent out with the jury[.]" *Id.* at 43. Thompson also states that counsel's actions prejudiced him because counsel did not give the jury an "alternative to the Commonwealth's argument that the duffel bag was [Thompson's]." *Id.* at 44. He also argues "that there is a reasonable probability that if the jury possessed Corso's written prior inconsistent statement," along with the bag of the cocaine in the car, Corso's theft conviction, and his three open cases, it might have disbelieved Corso's testimony and instead chosen to believe his testimony. *Id.* at 45.

Here, Thompson failed to show prejudice. Though he claims that counsel's cross-examination was inadequate, counsel confronted Corso with the inconsistencies between his statement and his trial testimony. Counsel asked Corso about the individual named Chris who initially contacted him and questioned Corso about his theft conviction. Counsel also challenged Corso on parts of his testimony that he did not mention to the police and confronted him about his failure to indicate in his statement that he knew the individual who wanted to rent the vehicle. N.T. at 78, 83, 88, 89. Counsel's cross-examination thoroughly attacked the credibility of Corso's testimony. Thus, Thompon has not shown that but for counsel's actions, the outcome of the trial would have been different. This claim fails.

In his final claim, Thompson argues that trial counsel had a conflict of interest. He maintains that the Public Defender's office, which represented Thompson at trial, also represented Corso in a then-pending theft case in the same county as his trial. He argues that this created an actual conflict of interest for the Public Defender's office. He states that he and Corso had "extremely different antagonistic interests in the same instant case." Thompson's Br. at 39. He also notes that the record is incomplete as to why trial counsel did not obtain and use the open cases against Corso at trial, "including any plea agreement or negotiations" that Corso may have made in exchange for his testimony. *Id.* at 40.

To prevail on a claim that counsel had a conflict of interest, the petitioner must prove an actual conflict. *See Commonwealth v. Sepulveda*, 55 A.3d 1108, 1147 (Pa. 2012). An actual conflict exists where the petitioner shows that: "(1) counsel 'actively represented conflicting interests'; and (2) those conflicting interests 'adversely affected his lawyer's performance.'" *Commonwealth v. Collins*, 957 A.2d 237, 251 (Pa. 2008) (citation omitted). "Clients' interests actually conflict when 'during the course of representation' they 'diverge with respect to a material fact or legal issue or to a course of action.'" *Sepulveda*, 55 A.3d at 1147 (quoting *Collins*, 957 A.2d at 251). Furthermore, we presume prejudice when the petitioner shows an actual conflict. *See Commonwealth v. Tharp*, 101 A.3d 736, 754 (Pa. 2014).

"Representation by one member of a public defender's office applies to all members of the office." *Id.* at 753 n.14 (citing *Commonwealth v.*

*Westbrook*, 400 A.2d 160, 162 (Pa. 1979)). However, where the Public Defender's Office previously represented a person but no longer represents them at the time of another client's trial, no actual conflict exists. *See Commonwealth v. Tedford*, 960 A.2d 1, 54 (Pa. 2008).

Here, Thompson has failed to show an actual conflict of interest. He has not demonstrated the counsel actively represented conflicting interests and the conflict adversely affected counsel's performance. He failed to show that during the course of representation, his interests and Corso's interests diverged with respect to a material fact or legal issue or to a course of action. While Corso allegedly had open cases in the same county as the instant case, that is insufficient standing alone to show a divergence of interests. Thompson does not allege for example that any of these cases resulted in Corso becoming a codefendant in the instant case, or explain a way in which the pendency of the charges affected counsel's treatment of Corso in this case. *See Commonwealth v. Evans*, 451 A.2d 1373, 1375-77 (Pa. 1982) (holding that conflict of interest existed for Beaver County Public Defender's office where it represented Evans and negotiated a guilty plea the day before trial for a co-defendant who testified against Evans at trial). Having failed to show that an actual conflict existed, Thompson's claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/6/2023</u>